28040. RISBY *v.* SHARP-BOYLSTON COMPANY.

DECIDED MARCH 13, 1940.

W. B. *Knight,* W. R. *Hewlett,* for plaintiff.
*Frampton E. Ellis,* for defendant.

GUERRY, J. Ursilla Risby brought her action in tort against Mrs. Lola W. Clement and Sharp-Boylston Company jointly, for recovery because of personal injuries received by her as an alleged invitee on the premises of the former, resulting from the joint and concurrent negligence of the defendants in maintaining certain front porch steps in a dangerously rotten and dilapidated condition,

with the stringers rotten and one step missing; and in failing, after having received notice of this condition, timely and properly to repair the steps; and in failing to provide such a front porch light as would indicate the condition of the steps to users at night. The petition alleged, that Mrs. Clement was the owner of the building and that Sharp-Boylston Company, a renting agency, was, for several months before and at the time of the tort, the "express agent of the said Mrs. Lola W. Clement, she having given her said codefendant the express authority to rent and collect rents and make all necessary repairs on said building . . for the use and occupancy" of those legally in the use of the premises; and further that "Sharp-Boylston Company as the agent of its codefendant . . failed to exercise due caution and care, and was negligent in failing to repair said steps after having received repeated notice . . that said steps were badly in need of repair, and that the said Mrs. Lola W. Clement . . had notified and made demand upon her agent . . repeatedly during a period of some two or three months previous to the date of your petitioner's said injuries that said steps were badly in need of repair, and authorized and instructed the said Sharp-Boylston Company to make such repairs to said steps and other repairs to said building as were necessary to render same fit for the use and occupancy of the tenants and occupants living therein; but said agent failed to heed the instructions of its codefendant." Both defendants filed general and special demurrers to the petition, the demurrer of Sharp-Boylston Company calling attention to the failure to allege that it had accepted the authority offered it as to the repairs. The court overruled the demurrers of Mrs. Clement, and sustained the general demurrer of the defendant company. To the latter ruling the plaintiff excepted.

The petition, construed most strongly against the pleader, merely alleged that the defendant company was given authority from the owner of the premises to rent them and collect the rent, and also to keep them in repair for the benefit of the occupants; and that the company did rent them and collected the rent; but it failed to allege that the company agreed to keep them in repair. In other words it failed to allege that the company assumed the duty or responsibility of keeping the premises in repair, or accepted the offered authority to repair. It was alleged that the owner made the

company "the express agent . . to . . make all necessary repairs on said building . . for the use and occupancy of the occupants thereof." It was not alleged that the company accepted such authority, or assumed to act thereunder; but on the contrary it was alleged that the company failed to make any effort to repair the building, although it was directed so to do. Except and unless the renting agent assumed the responsibility of keeping the premises in repair, there was no duty or responsibility on its part as to the repairs either to the owner or the tenant. Under allegations as indefinite as those in this petition, the owner herself would have no cause of action against the renting agent, it not being alleged that any contract or agreement to keep in repair had been entered into or assumed by the agent.

In 2 Am. Jur. 263, it is said: "An agent who undertakes the sole and complete control and management of the principal's premises is liable to third persons, to whom a duty is owing on the part of the owner, for injuries resulting from his negligence in failing to make or keep the premises in a safe condition." § 334. "There must be some reason why the agent should be called upon to act and thus use proper care to prevent injury to the third person— some relationship between the parties calling that duty into existence." § 333. Before a duty to a third person will arise by an act of misfeasance or nonfeasance on the part of an agent, it must be shown that he was such an agent as had contracted to do, or assumed to do, or failed to do, the act complained of. This court in *Atlantic Coast Line Railroad Co.* v. *Knight,* supra, fully discussed the liability of an agent to a third person for an act of nonfeasance, so-called, which was in effect a violation of a positive duty owed to such third person; but in that case it appeared that the agent or servant actually entered upon the performance of the act. In *Southern Railway Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191), is a discussion of the liability of an agent to a third person in respect to misfeasance and nonfeasance. In 2 Restatement of Law of Agency, 776, § 354, it is said: "An agent who undertakes to act for the principal under such conditions that some action is necessary for the protection of the person of others or their tangible things is subject to liability to such others for physical harm to them or to their things caused by his undertaking and subsequent negligent failure to act, if the need for action is so immediate or

emergent that withdrawal from the undertaking is no longer possible without unreasonable risk to them, and the agent should so realize." See p. 779, § 355. It becomes necessary in all such cases, however, to show that the agent has agreed or assumed to act for the principal before he becomes liable to any one, for the reason that without such agreement there is no control over the property or liability for failure to act. In Lough v. John Davis' Co., 30 Wash. 204 (70 Pac. 491, 59 L. R. A. 802, 94 Am. St. R. 848), it is said that an agent *having charge* of a building to be leased for his principal with authority to make necessary repairs is liable for injuries to tenants caused by his failure to make them. See Tippecanoe Loan & Trust Co. v. Jester, 180 Ind. 357 (101 N. E. 915, L. R. A. 1915E, 721); Smith v. Rutledge, 332 Ill. 150 (163 N. E. 544, 61 L. R. A. 273); Baird v. Shipman, 132 Ill. 16 (23 N. E. 384, 7 L. R. A. 128, 22 Am. St. R. 504). All of these decisions were based on cases where the agents had assumed the responsibility of making the repairs. In the present case it is not alleged that the defendant company agreed to accept and exercise the authority given to it, or that it had entered into a performance of the authority which it was alleged the owner granted to it. The court did not err in sustaining the company's demurrer.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*