29151.   HOPPENDIETZEL *v.* WADE *et al.*

DECIDED NOVEMBER 7, 1941.

134

*Hewlett & Dennis, Albert E. Mayer,* for plaintiff.

*McElreath, Scott, Duckworth & Riley, Neely, Marshall & Greene, W. Neal Baird, W. O. Wilson,* for defendants.

PER CURIAM. The question of the sufficiency of the petition against the general demurrer must be determined apart from any consideration of whether or not the landlord would be liable under the facts alleged. An agent is personally liable to one injured by his misfeasance or act of negligence, but ordinarily is not liable for mere nonfeasance. *Reid* v. *Humber,* 49 *Ga.* 207; *Kimbrough* v. *Boswell,* 119 *Ga.* 201 (45 S. E. 977). He may, however, become liable where, though originally not bound to act at all, he enters upon the execution of a particular work and so negligently performs it as to cause injury to another. In *Southern Railway Co.* v.

*Grizzle,* 124 *Ga.* 735, 737 (53 S. E. 244, 110 Am. St. R. 191), Justice Cobb, speaking for the court, said: "An agent is not ordinarily liable to third persons for mere nonfeasance. . . An agent is, however, liable to third persons for misfeasance. Nonfeasance is the total omission or failure of the agent to enter upon the performance of some distinct duty or undertaking which he has agreed with his principal to do. Misfeasance means the improper doing of an act which the agent might lawfully do; or, in other words, it is the performing of his duty to his principal in such a manner as to infringe upon the rights and privileges of third persons. Where an agent fails to use reasonable care or diligence in the performance of his duty, he will be personally responsible to a third person who is injured by such misfeasance. The agent's liability in such cases is not based upon the ground of his agency, but upon the ground that he is a wrongdoer, and as such he is responsible for any injury he may cause. When once he enters upon the performance of his contract with his principal, and in doing so omits, or fails to take reasonable care in the commission of, some act which he should do in its performance, whereby some third person is injured, he is responsible therefor to the same extent as if he had committed the wrong in his own behalf. See 2 Clark & Skyles on Agency, 1297 et seq. Misfeasance may involve also to some extent the idea of not doing; as where an agent engaged in the performance of his undertaking does not do something which it is his duty to do under the circumstances, or does not take that precaution or does not exercise that care which a due regard to the rights of others requires. All this is not doing, but it is not the not doing of that which is imposed upon the agent merely by virtue of his relation, but of that which is imposed upon him by law as a responsible individual in common with all other members of society. It is the same not doing which constitutes actionable negligence in any relation." In *Risby* v. *Sharp-Boylston Co.,* 62 *Ga. App.* 101 (7 S. E. 2d, 917), it was ruled: "Before an agent becomes liable for an act of omission alleged to have constituted negligence with resultant injury, it must appear that such agent had agreed to perform such act for his principal, or had assumed to perform it."

The petition alleges that the landlord sent the agent "to inspect and repair the back porch of the premises leased to the plaintiff and the stairway leading thereto." This is a sufficient allegation

that the agent was sent for that purpose, and that he actually went for that purpose. If this allegation is true, it was the agent's duty to inspect the porch and the whole stairway. It is alleged that the agent negligently inspected and repaired the steps. It is immaterial that it is not alleged whether he actually inspected the defective part or failed to inspect it in connection with the other parts which were actually inspected and repaired. If he could have discovered the defect by an inspection, he would be liable whether he negligently failed to discover it by actual inspection or negligently failed to inspect it so as to discover it when he had assumed the duty to inspect and repair the whole stairway.

The court erred in sustaining the agent's general demurrer and in dismissing the action as to him.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting. The plaintiff notified the defendant lessor, through its agent, the Wall Realty Company, that certain planks on the back porch of the apartment leased by the plaintiff had rotted out, that portions of the railing along the back stairs had rotted out, and that several of the lower treads in the flight of stairs leading from the second floor to the third floor and connected with the back porch of the leased premises appeared to be decayed and in bad repair. After this notice was given the landlord sent the defendant Wade "to inspect and repair the back porch of the premises leased to the plaintiff and the stairway leading thereto." The petition does not allege that the agent Wade had agreed with the landlord to make any inspection or repairs, but he was "sent" and he "replaced certain rotten planks in the back porch and replaced certain of the rotted treads in the stairway leading to the back porch." It was alleged in the petition that "several of the lower treads in the flight of stairs leading from the second floor to the third floor and connected with the back porch of the leased premises appeared to be decayed and in bad repair." After these repairs were made there was nothing to indicate to the plaintiff that the back porch and the stairs adjacent to it were not safe for use, but, according to the petition, the top tread of the stairway, while presenting an appearance of being safe, being covered with a coat of paint, was rotten and unsafe and was not repaired or replaced. This tread had rotted out on the underside, a condition not apparent to one using the tread, and the plaintiff, relying, as

he had a right to do, on its being safe for use, stepped upon it in descending the stairway and was injured in the manner described in the petition.

The petition does not specifically allege any attempt on the part of the agent to inspect or repair the top tread. It does allege, after mentioning the repairs that were made, that "the steps were negligently inspected and repaired." Whether thereby is meant that the inspection and repairing were negligently done, in respect to undertaking to inspect and repair the steps as a unit, or merely that the inspection and repairing were negligently done, in that no attempt was made to inspect or repair the top tread, is left in ambiguity and doubt. But as it is alleged that the top tread was not repaired or replaced, a proper construction on demurrer would be that it was neither inspected nor repaired. This view is strengthened by the fact that it was alleged that "an inspection of the underside of the tread would have shown clearly that the tread had rotted out and was unsafe for use" and by the subsequent specific allegation of negligence against the agent, "said defendant, Clyde Wade, was negligent, in that he failed to properly inspect the stairs leading to the rear porch of the apartment leased by your petitioner, and in failing to so repair them as to make them safe for use." In other words, Wade did not "properly inspect" the stairs and "so repair them as to make them safe for use," because he failed to inspect or repair the top tread which caused the plaintiff's injury. That is to say, Wade did not undertake to inspect or repair the top tread, and his conduct was merely that of nonfeasance and not misfeasance. If he had undertaken to inspect and repair the top tread, and in executing the work had acted negligently with respect to the plaintiff, he would have been liable for his injury and damage, notwithstanding that he had not agreed with his principal to undertake such work of inspecting and repairing the top tread and was under no original obligation to the plaintiff, by reason of his alleged agency, or being "sent," to do anything with respect to the top tread or any part of the premises. I think that, construing the petition most strongly against the plaintiff on general demurrer, the alleged dereliction of the agent was inaction or nonfeasance and not misfeasance in undertaking to inspect and repair the top tread and failing to do so with proper regard for the safety of the plaintiff, and, under the above cited authorities, no

138

liability against the agent is shown. Accordingly, I think that the trial court did not err in sustaining his general demurrer and in dismissing the petition as to him.