### 33937. HALE, by next friend, v. DAVIES *et al.*

DECIDED MAY 9, 1952.

J. C. Knox, Quillian, Quillian & Thomas, for plaintiff.

D. M. Pollock, A. M. Kelly, for defendants.

SUTTON, C. J. The plaintiff's petition shows that he was a student at the Monroe High School and was a member of the football team of that school; that the defendant Davies was elected and paid by said school to coach the football team; and that the Monroe Athletic Association, the defendant corporation, was engaged in furnishing money for supplies and necessary equipment for the football team and in receiving money from the gate receipts of said team. It can be inferred from the petition that the plaintiff voluntarily became a member of the football team, as he was not paid for playing, and there was no requirement by the school that he should engage in such game. He was 16 years of age and, in the absence of an allegation to the contrary, was a normal boy and of average intelligence for that age, and no doubt knew and realized that football is a rough and hazardous game and that anyone playing or practicing such game may be injured. A person of his age is presumed to be capable of realizing danger and of exercising caution to avoid it. Presumptively, he would be chargeable with the same degree of care in this respect as an adult. *Muscogee Mfg. Co.* v. *Butts*, 21 *Ga. App.* 558 (1) (94 S. E. 821); *Central R. & Bkg. Co.* v. *Phillips*, 91 *Ga.* 526 (2) (17 S. E. 952).

The plaintiff's right shoulder and arm were injured while he was practicing football with the team on August 25, 1949, but he makes no complaint against Davies or anyone else on account of those injuries, although he was practicing under the direction of Coach Davies when he was first injured; and, after that injury, he certainly should have realized more than ever the danger and perils of the game. But he again engaged in football practice on September 6, 1949, and while so engaged received an additional injury to his right arm. The plaintiff's being a member of and playing on the high-school football team was

a voluntary act or endeavor on his part, and it does not appear that he made any objection or entered any protest to engaging in the practice of the team on the afternoon of September 6, 1949, when he received the injury complained of. So far as the petition shows, he could have either engaged in the practice or declined to do so.

It is a matter of common knowledge that practically all grammar and high schools have playgrounds near or adjacent to their buildings, where the students play baseball, football, basketball, etc., and it is also well known that students playing or practicing such games may injure themselves or each other, and that this may happen although the ones in charge of or supervising such games may have exercised all reasonable precaution to prevent such injuries from occurring. We think it sound and reasonable to say that a student, a normal boy of the age of the plaintiff in this case, who engages in practicing or playing football assumes or takes the risk of being injured while so engaged; and that the coach or supervisor of the game would not be liable under the facts as stated in the present petition. The petition here does not show any felonious or wilful tort on the part of the defendants against the plaintiff.

Although the plaintiff was a member of the high-school football team, he could not have maintained an action against the school for an injury received while practicing or playing on its football team. "Since the physical education and training of school children of elementary and high school grades, including physical or gymnastic exercises, athletics, physical games, sports, and the like, are generally considered a governmental function, inasmuch as the physical development of children is as important for good citizenship as their mental development, it is the general rule that school districts, school boards, and other agencies or authorities in charge of public schools enjoy immunity from tort liability for personal injuries or death sustained by pupils or other persons in connection therewith, in the absence of a legislative enactment to the contrary, at least where only negligence was involved." 160 A. L. R. 178. It is conceded by the plaintiff that he could not have maintained an action against the school as such.

The petition shows that Davies was employed and paid by

the school to coach the football team, but the allegations of the petition are not sufficient to show that he was employed by the athletic association. That association was engaged in furnishing money for supplies and necessary equipment for the football team and in receiving money from the gate receipts of said team. In other words, the business of the athletic association appears to have been only that of an agent for the collection and disbursement of the admission fees received from spectators at games played by the team. The allegations of the petition fail to show that the coach was engaged in any business connected with that of the athletic association at the time the plaintiff was injured. The relationship of master and servant, or employer and employee, did not exist between the defendant corporation and Davies, nor did such relationship exist between Davies and the plaintiff.

However, it is argued by the plaintiff in error in his brief that Davies occupied the position of one standing in loco parentis toward the plaintiff. We do not think that the petition is subject to a construction as showing such a relationship; but, conceding that it could be properly so construed, still the plaintiff could not maintain the present action, which purports to be based only on simple negligence. *Chastain* v. *Chastain,* 50 *Ga. App.* 241 (177 S. E. 828); 67 C. J. S. 787, Parent and Child, § 61 (b) (2).

The petition failed to set out a cause of action against either defendant, and the trial judge properly sustained the demurrers and dismissed the action.

*Judgment affirmed. Felton and Worrill, JJ., concur.*