34297.   MARQUES, by next friend, *v.* RIVERSIDE
MILITARY ACADEMY INC.

DECIDED DECEMBER 5, 1952—REHEARING DENIED DECEMBER 19, 1952.

Rafael A. Rivera-Cruz, Charles E. Beard, G. Fred Kelley, for plaintiff in error.

Wheeler, Robinson & Thurmond, Jeff C. Wayne, Nall & Sterne, contra.

SUTTON, C. J. The defendant is alleged to be a private school or military academy, providing education along academic, military, and athletic lines to its pupils or cadets, in return for their tuition fees. Its regulations require all cadets to participate in some form of athletics; and, pursuant to such regulations, the plaintiff had been practicing baseball near an oval running track, within which were conducted field events, such as the discus throw. It is alleged that Cadet Masters and others were throwing the discus on the field inside the track, and so, apparently, the "undefined way" which cadets commonly used to return to the gymnasium from the baseball field passed across the track and across the field within the track where the discus was being thrown. The plaintiff is alleged to have been ignorant of any danger in connection with discus throwing as he went along the route or "undefined way" in returning to the gymnasium from the baseball field, since no one was then making any of the usual motions preliminary to throwing the discus. It is also alleged that the defendant's officers should have seen, in the exercise of due diligence, the plaintiff as he entered

the area of danger, and that they did observe Masters' motions preparatory to throwing the discus, but failed to warn the plaintiff or to prevent Masters from completing his throw. It is contended that ordinary care for his own safety required the plaintiff to have noticed Masters preparing to throw the discus, just as ordinary care for their pupils' safety required the defendant's officers to have looked out for the plaintiff in the area of danger, but, in view of the plaintiff's alleged ignorance of the danger of being hit by a discus, this is a question to be determined by a jury.

The defendant's alleged negligence in laying out its playing fields without protecting its students engaged in one activity from the dangers of other athletic activities conducted nearby existed prior to the plaintiff's injury, and, in this respect, it may be said, as contended by the defendant, that the plaintiff could have avoided the effects of such negligence or that he assumed the risk of known dangers. However, the alleged negligence of the defendant, in failing to supervise the activity of discus throwing so as to prevent injury to its cadets therefrom, does not appear to have been such negligence as the plaintiff could have known of and so avoided, or it may have been an unforeseen risk which he could not be said to have assumed. All questions as to diligence and negligence, including contributory negligence and what negligence constitutes the proximate cause of the injury complained of, are questions for a jury, except in plain and indisputable cases.

The defendant, by voluntarily undertaking to educate the plaintiff, assumed to some extent a parent's duty to care for his child while educating him and to shield and protect such child from injury. While a child of 17 is presumptively considered to be chargeable with the same degree of diligence for his own safety as an adult (*Muscogee Mfg. Co.* v. *Butts*, 21 *Ga. App.* 558 (1), 94 S. E. 821; *Central R. & Bkg. Co.* v. *Phillips*, 91 *Ga.* 526 (2), 17 S. E. 952), nevertheless, this does not relieve the defendant private school from its duty of exercising ordinary care for the safety of its pupils from defects in the premises or from dangerous activities in which other pupils are engaged under the defendant's supervision. See American Law Institute, Restatement, Torts, § 320, and comment.

The defendant also contends that the allegations of the petition show that, even if the defendant was negligent, the act of Cadet Masters in throwing the discus was an independent, intervening cause which broke the causal connection between any negligence on the part of the defendant and the injury sustained by the plaintiff. But in view of the defendant's alleged negligence in failing to supervise properly the activity of throwing the discus, this contention cannot be sustained. It is alleged that the defendant's officers, instructors, or coaches were directing and supervising Masters and others who were practicing the discus throw. The petition shows that the defendant, through its officers, had control over Masters, but failed to exercise such control so as to prevent injury to the plaintiff. The defendant, charged with supervision of the athletic activities of its pupils, cannot, by failing to exercise the control over its students with which it has been invested by their parents, absolve itself from liability for the uncontrolled acts of its students which are likely to result in injury to other students. In a dangerous activity, such as throwing the discus appears to be, the defendant cannot fail, as alleged, to exercise due care in supervising such activity, and then contend that it could not have foreseen that the negligence of one of its pupils, whom it was supposed to have been controlling, would injure another of its students.

The plaintiff here was not a paying spectator at an athletic event, nor was he a participant in the athletic activity which caused his injury, and these facts distinguish the cases of *Hunt* v. *Thomasville Baseball Co.*, 80 *Ga. App.* 572 (56 S. E. 2d, 828), and *Hale* v. *Davies*, 86 *Ga. App.* 126 (70 S. E. 2d, 923), from the present case. The petition does not show, as a matter of law, that the plaintiff's negligence, in itself or in concurrence with that of Cadet Masters, was the proximate cause of the plaintiff's injury, and it cannot be said that the defendant's alleged negligence had nothing to do with the injury produced or was not one of the causes thereof.

The petition set out a case in which the questions of negligence and proximate cause should be submitted to a jury, and it was error to sustain the general demurrer thereto and to dismiss the plaintiff's action.

*Judgment reversed. Felton and Worrill, JJ., concur.*