35105. SHARP-BOYLSTON COMPANY *v.* BOSTICK.

Decided April 13, 1954.

*Gambrell, Harlan, Barwick, Russell & Smith, Charles A. Moye, Jr.,* for plaintiff in error.

*Frank Love, Jr.,* contra.

TOWNSEND, J. 1. It is contended by the plaintiff in error that the petition here does not set out a cause of action against it for the reason that it is sought to charge the agent of the owner of the property for omissions to repair, which omissions, at most, amounted to nonfeasance rather than misfeasance. As stated in *Owens* v. *Nichols,* 139 *Ga.* 475 (1) (77 S. E. 635), the rule is as follows: "An agent is not ordinarily liable to third persons for nonfeasance. *Kimbrough* v. *Boswell,* 119 *Ga.* 201 [45 S. E. 977]. An agent is, however, liable to third persons for misfeasance. Nonfeasance is the total omission or failure of the agent to enter upon the performance of some distinct duty or undertaking

which he has agreed with his principal to do. Misfeasance means the improper doing of an act which the agent might lawfully do; or, in other words, it is the performing of his duty to his principal in such a manner as to infringe upon the rights and privileges of third persons. Where an agent fails to use reasonable care or diligence in the performance of his duty, he will be personally responsible to a third person who is injured by such misfeasance. The agent's liability in such cases is not based upon the ground of his agency, but upon the ground that he is a wrongdoer. . . Misfeasance may involve also to some extent the idea of not doing; as where an agent engaged in the performance of his undertaking does not do something which it is his duty to do under the circumstances, or does not take that precaution or does not exercise that care which a due regard to the rights of others requires. All this is not doing, but it is not the not doing of that which is imposed upon the agent merely by virtue of his relation, but of that which is imposed upon him by law as a responsible individual in common with all other members of society. It is the same not doing which constitutes actionable negligence in any relation."

It is contended by the plaintiff in error that the total failure on its part to attempt to repair the front steps is a complete defense, in that its conduct amounted merely to nonfeasance, and that this case is distinguishable from that of *Oppendietzel* v. *Wade*, 66 *Ga. App.* 132 (17 S. E. 2d 239), in that there the defendant agent was sent out to inspect and repair a certain back porch and steps, and did actually inspect and repair a part of the steps, so that its failure to repair the top tread amounted to misfeasance for which it was liable, whereas here, although the defendant repaired the roof, it never did attempt to repair the steps. The cases are, however, further distinguishable, in that in the *Wade* case the agent was sent out "to inspect and repair the back porch and steps"; this was his only duty to his principal insofar as the rights of the plaintiff were concerned. Here, however, the duty to the principal, as alleged, is far more comprehensive, it being the duty of *maintenance and repair of the building*. The agent's liability must be judged, not merely by a breach of its contract to its principal, but by the extent of the duty and responsibility to third persons which it assumed coex-

tensively with the contract. Repairs to buildings are made not merely with a view to preserving the property, but for the further purpose of keeping them in such condition that third persons lawfully upon the premises will not suffer injury as a result of a defective condition, and this is certainly true as to rental property where the presence of tenants and their invitees must reasonably be anticipated. As stated in Restatement of the Law, Agency, Vol. II, § 355: "An agent who has the custody of land or chattels and who should realize that there is an undue risk that their condition will cause harm to the person, land, or chattels of others is subject to liability for such harm caused, during the continuance of his custody, by his failure to use care to take such reasonable precautions as he is authorized to take. One who is in complete control over either land or chattels is under the same duty to protect others from the condition of such things as is the possessor of land or chattels. . . The custodian in complete charge is not excused from liability by the fact that he is acting for the benefit of another. He is subject to the same liability and has the same immunities as the possessor." See also *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143 (167 S. E. 119), in which it was held that the managing agents of the defendant corporation were individually liable to invitees at the plant, whose injuries resulted from the agents' failure to keep the premises reasonably safe for invitees lawfully upon them.

If, as alleged here, the defendant had by contract assumed the duty of maintaining and repairing the building which in the first instance devolved upon the owner, and if, as alleged, it had actually entered upon such duty by repairing a part of the building, then its failure to repair another part of the building, resulting in injury to the plaintiff, renders it liable, not because it has breached its contract with its principal, but because, by assuming the total duty of repair and maintenance, it has caused the owner to rely upon it and prevented the job from being done by others, and has therefore breached a duty owing to the public generally, and to the plaintiff in particular, of maintaining the premises in a reasonably safe condition. "His intervention into the relations between the principal and the others by his assumption of the duty to the principal creates a duty to the others to use care either to perform the service or to

see that no harm results from his failure to do so." Restatement of the Law, ibid., § 354.

*Risby* v. *Sharp-Boylston Co.*, 62 *Ga. App.* 101 (7 S. E. 2d 917), cited by the plaintiff in error, was held subject to general demurrer for the reason that, although the petition alleged the agent had authority to repair, it failed to allege that the defendant accepted the offered authority or assumed to act thereunder. Here, on the contrary, it is alleged that the defendant, acting under the authority given it, and upon notice from the tenants, did assume to make repairs to the premises, and thus actively entered upon the duty allegedly entrusted to it. The petition, therefore, set out a cause of action, and the trial court did not err in overruling the general demurrer.

2. The special demurrers to various paragraphs of the petition and the assignments of error thereon are not urged by counsel for the plaintiff in error, and are therefore treated as abandoned.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*