35276.  RAMEY *v.* PRITCHETT *et al.*

DECIDED SEPTEMBER 20, 1954—REHEARING DENIED OCTOBER 4, 1954.

*Saul Blau, Charlie Franco,* for plaintiff in error.

*Daniel B. Hodgson, Wm. B. Spann, Jr., Alston, Sibley, Miller, Spann & Shackelford,* contra.

CARLISLE, J. ■ Headnote 1 is self-explanatory.

■ The parties defendant designated in the original petition were L. A. Evans, a building contractor who had constructed the steps on which the plaintiff is alleged to have been injured, William L. Jenkins, the owner of the premises, and E. S. Pritchett, doing business as East Atlanta Realty Company. Early in the proceedings Evans was eliminated by the plaintiff as a party defendant. By amendment, E. S. Pritchett, doing business as East Atlanta Realty Company, was eliminated and, instead of being sued in that capacity or under that designation, he was sued as E. S. Pritchett, individually, and East Atlanta Realty Company, a partnership, composed of E. S. Pritchett and J. H. Pritchett, was added as a party defendant. The trial court on general demurrer dismissed the action against E. S. Pritchett, individually, and East Atlanta Realty Company. The bill of exceptions presents the questions of the propriety of dismissing the action as to Pritchett, individually, and as to East Atlanta Realty Company, the partnership.

In order for one to be liable for the injuries to another, it

must appear that the one owed a public or private duty to the other and, as a result of the breach of that duty or duties, the one was injured. *Reid* v. *Humber,* 49 *Ga.* 207; *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191). The petition contains no averments of fact giving rise to any duty owned by East Atlanta Realty Company to the plaintiff with reference to the condition of the premises. When the petition is construed most strongly against the pleader, as it must be on demurrer, it appears that the only connection East Atlanta Realty Company had with the premises was that the plaintiff's son rented the premises from E. S. Pritchett, individually, and East Atlanta Realty Company. It nowhere appears that East Atlanta Realty Company assumed any other responsibility toward the premises. The contract of principal and agent wherein the agent is alleged to have assumed the management, maintenance, and control of the premises for designated purposes, is alleged to have been made between Jenkins, the owner, and E. S. Pritchett; and, since it is not alleged that the contract was made with Pritchett as a member of the partnership, it must be assumed that the contract was made with him individually—one of the capacities in which he was sued. It follows that there was no error in dismissing the case as to East Atlanta Realty Company. See, in this connection, *Risby* v. *Sharp-Boylston Co.,* 62 *Ga. App.* 101 (7 S. E. 2d 917).

■ "An agent who undertakes the sole and complete control and management of the principal's premises is liable to third persons, to whom a duty is owing on the part of the owner, for injuries resulting from his negligence in failing to make or keep the premises in a safe condition." 2 Am. Jur. 263, § 334; *Sharp-Boylston* v. *Bostick,* 90 *Ga. App.* 46 (81 S. E. 2d 853).

It is averred in the petition as amended that, by agreement between the owner Jenkins and the defendant Pritchett, Pritchett agreed to take over the management of the property in question, and to handle all matters in regard to the property; that is, he agreed to acquire tenants for the property, to rent the property at a rental determined by himself, to collect the rents, to give receipts therefor in his own name, to use the proceeds from the rental to make repairs to the property, and to do all other things in the management of the property which Jenkins himself could

do. It is further alleged that Pritchett took immediate charge and control, management and direction of the property by proceeding to acquire tenants, to rent the property at a rental determined by himself, to collect the rents, to give receipts in his own name, to use the proceeds from the rentals to repair the property, and to make repairs to the property. Under these allegations and the rule stated in *Sharp-Boylston* v. *Bostick,* supra, the defendant Pritchett's liability is to be determined by the same rules as would obtain if the suit had been solely against the owner of the premises and there had been no question of agency involved. (The question of the defendant Jenkins' liability as owner of the premises is, of course, not before this court at this time, as he is not a party to this appeal.)

By the averments of the petition the defendant Pritchett is charged with knowledge that the steps in question were constructed of substandard lumber and would not meet the minimum requirements of safety, in that he knew that the step treads were constructed of No. 2 yellow pine lumber, 9/16 of an inch thick, and that he knew that safe construction required that the step treads be constructed of No. 1 yellow pine lumber, 2 inches thick. He is also charged with knowledge that the steps were left unpainted and exposed to the rain and elements and with knowledge that to leave the step treads in that condition would contribute immensely to the weakening of the steps. The plaintiff further charged that the defendant Pritchett knew, or in the exercise of ordinary care should have known, that the steps, at the time the tenancy was created, were weakened and unable to hold up the weight of a grown person, and that the defendant Pritchett was negligent in failing to warn the plaintiff that the steps were of unsound construction, dangerous and unsafe for her to use, was negligent in failing to repair and to replace the step with a sound and safe step, and was negligent in failing to inspect the step, in failing to discover the defects therein, and in failing to make them safe for use before renting the property.

The plaintiff alleged that she knew nothing of the construction of the house; that she did not know that the steps were constructed of faulty material and were dangerous; that the steps appeared safe to her, and she was in the exercise of ordinary care for her own safety at the time she was injured, and could

not by the exercise of ordinary care have discovered the defects complained of.

The allegations of the petition show actual knowledge on the part of the defendant Pritchett that the step was constructed of faulty material, and constructive knowledge on his part that the step had become weakened by being left unpainted and exposed to the elements, and constructive knowledge on his part that, at the time the premises were rented to the plaintiff's son, the steps were dangerous and unsafe for use. The defect is alleged to have been latent, and there is no allegation in the petition from which it can be inferred as a matter of law that the step was so obviously dangerous as to put a prudent person on notice of the danger. The petition, therefore, stated a cause of action against the defendant Pritchett, and the trial court erred in sustaining the general demurrer thereto. The defendant knew, or in the exercise of ordinary care should have known, of the previous existence of the alleged defects at the time the property was leased to the plaintiff's son; and this being so, his failure to remedy the defects or warn of their existence constituted a breach of duty owned by the defendant to invitees on the premises. *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578); *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (107 S. E. 563).

In order that what has been ruled with reference to the defendant Pritchett's liability shall be absolutely clear on the trial of the case, we recapitulate somewhat on that point. In view of the decision in *Risby* v. *Sharp-Boylston Co.,* supra, it appears that, where a landowner gives an agent sole authority to manage the property, including renting and repairing, and where it is specifically alleged that the agent agreed to and did in fact assume such authority for the landowner, the agent may be held individually liable for a violation of this duty, not as an agent, but as an independent tortfeasor whose breach of duty owed to a third person is the actionable negligence, and agency enters into the question only to the extent that the contract of agency, rather than some other legal or statutory obligation, gives rise to the duty which the agent owes to such third person. *A. C. L. R. Co.* v. *Knight,* 48 *Ga. App.* 53 (171 S. E. 919). When this duty arises (by virtue of the contract), then the agent may be liable for either misfeasance or nonfeasance, although he could

not, as an agent, be held liable for mere acts of nonfeasance. *Owens* v. *Nichols,* 139 *Ga.* 475 (1) (77 S. E. 635); *Kimbrough* v. *Boswell,* 119 *Ga.* 201 (45 S. E. 977).

It should be emphasized that, although this ruling puts the agent in the owner's shoes, it does not mean that their liability would be identical, for this must depend upon the proof elicited on the trial of the case. The agent, when he rented the premises to the plaintiff, had the landowner's duty to keep the premises in repair, and liability against the landowner is predicated on his knowledge that the premises were not reasonably safe when he rented them. In *Elijah A. Brown Co.* v. *Wilson,* 191 *Ga.* 750, 751 (13 S. E. 2d 779), the Supreme Court, in reversing the Court of Appeals, held: "Ordinary care in the fulfillment of the landlord's duty to keep the premises in repair does not, however, embrace an affirmative duty to make such an inspection of the premises as will disclose the existence of any and all latent defects which may actually exist therein. This would be but to place upon the landlord an absolute duty, not implicit in the statute, to rent premises free from latent defects. It follows that a proper application of the landlord's duty to keep the premises in repair does not, under any theory, result in making the landlord liable for a latent defect in the premises simply because it existed at the time of the lease." In that case an allegation that "the flooring was rotten and decayed, and the sills supporting the flooring because of long use had become decayed," was held to be insufficient to put the landlord on notice of the latent defect.

In the present case, the allegation that the owner had lived in the house and knew of the construction and condition of the steps cannot be charged against the agent, as the agent was not so informed by the landowner and instructed to repair them. As to notice alleged against the agent, the constructive knowledge alleged against him that the step had become weakened by being left unpainted and exposed, and his constructive knowledge that the steps were dangerous and unsafe to use, would not be sufficient to support a recovery against him, under the authority of the *Brown* case, unless the allegation that in the exercise of ordinary care he should have known these things is sustained by proof of the further allegation that he had actual knowledge of

the defect because he had knowledge that the steps were constructed of faulty material, which would be likely, over the length of time it was in use, to become dangerous and unsafe. Proof that the owner had such knowledge would not be sufficient to cause liability to attach to the agent. If, on the other hand, as alleged, the agent was in sole control, both in renting, managing, and repairing the premises, and he did have actual knowledge that the steps, by reason of their faulty construction, were likely to collapse, then a duty to inspect them to ascertain their condition would devolve upon him and, on failure to perform this duty, he would be liable to an invitee on the premises who was injured by the step collapsing.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Townsend, J., concur.*