39456.  FINDLEY v. LIPSITZ.

DECIDED MAY 11, 1962.

*Charlton E. Clark,* for plaintiff in error.

*Lewis, Wylly & Javetz, Jack H. Usher,* contra.

FELTON, Chief Judge. ■ The liability of the defendant for the plaintiff's injuries occurring within the defendant's place of business is partially dependent upon the status of the plaintiff in the store. To support his contention that the plaintiff was merely a volunteer to whom the defendant owed only the duty not to wilfully and wantonly injure him, the defendant in error cites *Early v. Houser,* 28 Ga. App. 24 (2) (109 SE 914); *Barber v. Rich's, Inc.,* 92 Ga. App. 880, 884 (90 SE2d 66); *Carstarphen v. Ivey,* 66 Ga. App. 865 (19 SE2d 341); and *Callahan v. Carlson,* 85 Ga. App. 4, 15 (67 SE2d 726). These cases are all distinguishable from the present case by the fact that the act or acts which the visitors were performing were either not sufficiently related to the owner's or occupant's business or were not for the visitor's benefit, as well as the owner's or occupant's benefit. The mutuality of interest required to make one on the premises of another an invitee does not mean that there must be a commercial business transaction between the parties, but merely that each party is moved by a lawful purpose or interest in the object and subject matter of the invitation; the enterprise must be mutual to the extent that each party is lawfully interested therein, or that there is common interest or mutual advantage involved. *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288, 291 (30 SE2d 426); *Norman v. Norman,* 99 Ga. App. 755, 760 (4) (109 SE2d 900). "While the rule has been variously stated, it may be fairly said that the duty to keep the premises safe (not reasonably safe) exists as to all persons

who for any lawful purpose come upon the premises at the express or implied invitation of the owner." *Knudson v. Duffee-Freeman, Inc.,* 99 Ga. App. 520, 526 (109 SE2d 339) and cases cited. The plaintiff and the defendant shared a common interest and a mutual advantage in the plaintiff's replacing the burnt out bulbs. The defendant certainly benefited by having his store better lighted and the plaintiff derived a potential benefit by making his product and services known to the defendant, a prospective customer for these products and services. The fact that the plaintiff was not actually in a contractual relationship with the defendant at the time of the accident does not rule out the plaintiff's invitee status.

■ The plaintiff, being an invitee, because of mutuality of interest, was due ordinary care, and questions of negligence, whose negligence, and what negligence, except in plain and indisputable cases, are for the determination of the jury. *Martin v. Henson,* 95 Ga. App. 715, 738 (99 SE2d 251). It is a difficult problem for a court to declare as a matter of law that one is negligent or lacking in ordinary care for his own safety. "The plaintiff need not negative the defense of contributory negligence in her petition, and it will not be dismissed on demurrer for this reason unless the petition affirmatively discloses facts demanding such conclusion as a matter of law. [cases cited]. In many cases where the plaintiff fell over or ran into an otherwise obvious defect or obstacle, the matter of contributory negligence was held to be a jury question because of allegations explaining that the obstacle was difficult to see because it blended in color with the ground or floor upon which it was resting or was otherwise obscured. [cases cited]." *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375, 377 (124 SE2d 688). "The general rule is that, where the minds of reasonable men may disagree as to the factum of negligence, or of whose negligence caused the injury, the jury and not the court is the proper instrument to evaluate the facts, and draw the proper conclusion. *Georgia Power Co. v. Blum,* 80 Ga. App. 618 (57 SE2d 18)." *Redding v. Sinclair Refining Co.,* supra, at p. 377.

Although the petition alleged that the plaintiff had ascended and descended the ladder 8 or 9 times and therefore might have

had an opportunity to notice the slippery condition, it was also alleged that the substance was not readily visible, so the issues of whether the defendant exercised due care in providing the plaintiff with a ladder on which there was a hazardous condition and of whether the plaintiff could have avoided the consequences of the defendant's negligence, if any, should have been submitted to a jury.

*Judgment reversed. Bell and Hall, JJ., concur.*