39699, 39703.  YOUNG MEN'S CHRISTIAN ASSOCIATION
OF METROPOLITAN ATLANTA, INC. v. BAILEY;
and vice versa.

DECIDED FEBRUARY 11, 1963—
REHEARING DENIED FEBRUARY 27, 1963.

*Greene, Neely, Buckley & DeRieux, Ferdinand Buckley,* for
plaintiff in error.

*G. Seals Aiken, W. O. Slate,* contra.

JORDAN, Judge.  1. It is first contended by the defendant
Y.M.C.A. that the trial court erred in granting to the plaintiff

a new trial on the general grounds after having directed a verdict in favor of the defendant. This being the first grant of a new trial and the same being predicated upon the general grounds, this assignment of error must be considered in the light of *Code Ann.* § 6-1608 which provides: "The first grant of a new trial shall not be disturbed by the appellate court if said new trial is granted in the discretion of the judge on general grounds, unless the plaintiff in error shall show that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the trial court."

The evidence adduced on the trial of this case was sufficient to authorize the finding that the decedent was an enrolled member in the Gra-Y program of the defendant Y.M.C.A. (for which a membership fee was exacted), and that as such Gra-Y member, the decedent was on the premises of the defendant for the purpose of using the swimming pool facilities of the defendant under the direction and supervision of Y.M.C.A. and Gra-Y personnel. These circumstances would constitute the decedent as an invitee on the premises, and as such, the defendant owed to him the duty of exercising ordinary care to protect him from injury from defects in its pool facilities and from other dangers arising from the use of the same. *Johnson v. John Deere Plow Co.*, 214 Ga. 645, 648 (106 SE2d 901); *Code* § 105-401.

While it is strongly contended by the defendant Y.M.C.A. that the evidence in this case demanded a finding that the plaintiff failed to establish actionable negligence on the part of the defendant or to establish that any act or omission of the defendant was the proximate cause of the death of the plaintiff's son, it is our opinion that it cannot be said from examination of the voluminous record adduced on the trial of this case that the trial judge abused his discretion in granting a new trial, there being some evidence to authorize the jury to find that the defendant was negligent in some of the particulars charged in the petition and that such negligence was the proximate cause of the death of the plaintiff's son. In this regard the jury was authorized to find from the evidence that the defendant had provided an insufficient number of lifeguards or other trained

personnel to supervise the group of 38 Gra-Y boys, including the decedent, who were using the pool at the time of his death and could further find that the personnel provided by the defendant had been given insufficient instructions as to adequate safeguards and precautions to take in supervising the swimming pool facilities and their use and were not diligent in the performance of their required duties. The evidence specifically authorized a finding that the only trained lifeguard provided on the occasion of the decedent's death was a 67 year old man, and there was testimony by several witnesses for the plaintiff that he spent some of his time reading a newspaper at the time of the occurrence in question. There was testimony from officials of the defendant Y.M.C.A. to the effect that one lifeguard could not adequately supervise such a group of boys in a pool of the size and type as existed herein. The evidence further authorized a finding that the rope separating the deep and shallow parts of the pool was broken and that no attempt had been made to segregate the swimmers from the non-swimmers and see that each used the appropriate part of the swimming pool.

While it is true as contended by the defendant, that the plaintiff in this case was unable to show the exact manner in which the deceased drowned, and while there was no evidence of any struggle or outcry by him, the evidence disclosed that his submerged body was clearly visible in the water, and it cannot be said as a matter of law that a successful rescue of the decedent could not have been effected if due diligence had been exerted by the defendant in this case. Ordinary care involves the exercise of a degree of caution and diligence commensurate with the circumstances and the danger involved therein, *Cook v. Parrish*, 105 Ga. App. 95, 100 (123 SE2d 409); and where, as here, the defendant was entrusted with the safety of a large number of young boys, many of whom, including the decedent, could not swim, the jury was authorized to place a great degree of diligence and responsibility for their safety upon the defendant. The question of whether or not the defendant failed to exercise ordinary care under all the facts and circumstances of this case and whether or not the same was the proximate cause of the death of the plaintiff's son was for the jury.

420

It is further contended by the defendant, however, that it is exempt from liability in this case as a matter of law because of its status as a charitable corporation. While we think that the evidence in this case, including the charter of incorporation granted to the defendant in the Superior Court of Fulton County, demanded a finding that the defendant is a charitable corporation notwithstanding the fact that, as shown by the record, only an insignificant part of its operating expenses was derived from public donations, the remainder being derived from fees for services rendered, see *Y.M.C.A. v. Estill*, 140 Ga. 291 (78 SE 1075, 48 LRA (NS) 783, AC 1914D 136), under the pleadings and evidence in this case such fact did not ispo facto demand a verdict for the defendant. It is settled in Georgia that the doctrine of charitable immunity from tort liability does not extend to the corporate or original negligence of the charitable entity in the employment or retention of incompetent employees but only affords protection from vicarious liability for the negligent acts of said agents and employees. *Morton v. Savannah Hospital*, 148 Ga. 438 (96 SE 887). It was alleged in the plaintiff's petition in this case that the defendant was negligent in the employment of the lifeguard and Gra-Y personnel who were entrusted with the supervision of the swimming pool facilities and the group using it at the time of the death of the plaintiff's son; and the jury was so authorized to find from the evidence, which disclosed that no tests or investigation of qualifications were made by the employing officer for these employees who occupied such sensitive and responsible positions. Furthermore, it is our opinion that should the jury find that the defendant was negligent in providing an insufficient number of employees under all the existing conditions and in giving them inadequate instructions as to the performance of their duties, the same would constitute an act of corporate or original negligence for which the doctrine of charitable immunity would not shield the defendant. The failure to exercise ordinary care to provide a sufficient number of competent and adequately instructed employees and the failure to exercise ordinary care in selecting or retaining competent employees cannot be distinguished. Accordingly, it cannot be said as a matter of law that the defendant was immune from

liability in this case because of its status as a charitable corporation, and the defendant, as plaintiff in error, has failed to show that the trial judge abused his discretion in granting a new trial to the plaintiff.

2. We have examined the defendant's special demurrers to the petition and found them to be without merit.

3. The first assignment of error in the cross-bill of exceptions, which complains of the failure of the trial court to require the defendant to produce a liability insurance policy in compliance with the plaintiff's notice to the defendant to produce any liability or indemnity insurance policies carried by it on May 4, 1955, covering its alleged liability for the death of the plaintiff's son, is without merit. Under the pleadings in this case as the same existed at the time of the hearing on the notice to produce, the existence of liability or indemnity insurance coverage in behalf of the defendant was immaterial to any issue in this case other than the qualification of a jury for interest; and counsel for the defendant having supplied the name of the defendant's insurer for the purpose of qualification of the jury by the court and the same having been done, it cannot be said that the court committed error in refusing to order the physical production of the policy. *Code* §§ 38-801, 38-806.

4. The remaining assignment of error in the cross-bill of exceptions, which complains that the trial court erred in allowing the defendant to amend its answer at the conclusion of the evidence on the trial of the case, is likewise without merit. The proffered amendment contained an affidavit that the defendant did not in the original plea and answer omit the defense set out in the amended plea and answer for the purpose of delay, and that the amendment was not offered for delay, as required by *Code* § 81-1310, and was thus allowable as a matter of right under the provisions of *Code* § 81-1301. *U. S. Fidelity &c. Co. v. Clarke*, 187 Ga. 774, 781 (2 SE2d 608); *Richardson v. Hairried*, 202 Ga. 610, 613 (44 SE2d 237); *Jones v. Lawman*, 56 Ga. App. 764, 772 (194 SE 416).

*Judgment affirmed on the main bill and cross-bill of exceptions. Nichols, P. J., and Frankum, J., concur.*