43530, 43540.    HERRING v. R. L. MATHIS CERTIFIED DAIRY COMPANY et al.; and vice versa.

Argued March 5, 1968—Decided June 14, 1968—
Rehearing denied July 8, 1968—

*Freeman R. Hardisty, Frank Fuller,* for appellant.

*Lokey & Bowden, Glenn Frick, O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins, Long, Weinberg & Ansley, Palmer H. Ansley, John K. Dunlap,* for appellees.

QUILLIAN, Judge. ■ The appellant Mrs. Herring appealed from the judgments rendered in favor of three defendants (the Church, Mathis and Mrs. Bourn). The appeal contained some 26 paragraphs specifically listing items to be omitted. In summary of these specified omissions, the notice of appeal recited: "Omit the entire record except the petition, the amendment to the complaint, the renewed motions to dismiss by R. Lloyd

Mathis, II, Grant Park Baptist Church, and Mrs. Willeen Bourn, respectively, and plaintiff's affidavit of her inability to pay costs." Thus, although the three judgments which were the subject of this appeal were not specifically listed for omission, as a result of this last paragraph, they were not sent up with the record on appeal. In order to remedy this situation, the plaintiff requested the Clerk of DeKalb Superior Court to transmit these three judgments, which was duly accomplished on February 12, 1968.

On February 27, 1968, the individual defendant Mathis then filed a motion to dismiss the appeal and what he denominated an objection to the record. At a later time on March 1, 1968, the other two defendants filed similar motions. It was contended that the appeal was subject to being dismissed because the record did not contain a judgment or order from which the appeal was brought. In support of this argument movants cite *Walker v. Walker*, 222 Ga. 521 (150 SE2d 635); *Bowers v. Gill*, 222 Ga. 529 (150 SE2d 653); *Hardnett v. U. S. Fidel. &c. Co.*, 116 Ga. App. 732 (158 SE2d 303).

On February 29, 1968, the appellant filed a motion with the trial judge requesting that he order the clerk to send up the three previously omitted judgments. The trial judge on that same day issued an order that such judgments be sent to this court.

*Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24) provides: "If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court." Movants, in their briefs, concede that if *Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24) were complied with their motions to dismiss would not be meritorious. The appellant in this case did comply with the Code section in question by obtaining the order of the trial judge directing that the three judgments

which were omitted be sent to this court. Thus, the motions to dismiss in Case 43530 are denied.

■ In applying the new rules of civil procedure (Civil Practice Act, Ga. L. 1966, p. 609, as amended, Ga. L. 1967, p. 226) to the consideration of pleadings, the following principles are applicable: (1) that pleadings shall be construed to do substantial justice, that is, that they be liberally construed in favor of the pleader: (2) the plaintiff need not allege a cause of action but only sufficient facts to place the defendant on notice of the claim against him; (3) a complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. See *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260) ; *Poole v. City of Atlanta,* 117 Ga. App. 432, 434 (160 SE2d 874) and authorities cited.

The defendants Church and Mrs. Bourn, while recognizing the above stated rules, contend that the complaint as drawn affirmatively reveals that the plaintiff is not entitled to recover. They predicate this contention on the theory that the complaint shows the plaintiff's decedent was a boy over 14 years old. As such, under the rule of *Hale v. Davies,* 86 Ga. App. 126 (70 SE2d 923), he was required to exercise ordinary care for his own safety. The defendants point out that the deceased's entering deep water in apparent disregard of the risk involved did not meet the standard of ordinary care required of him. They further contend that as to a child of this age there was no duty upon Mrs. Bourn, acting for the Church, to supervise his activities or maintain control over him.

The plaintiff on the other hand argues that, even though the boy was over fourteen, Mrs. Bourn had a duty as his voluntary custodian to exercise ordinary care in his behalf, including necessary supervision of his activities, especially where he was engaged in swimming.

In passing upon the Church's liability we point out that it is alleged that the Church has certain non-charitable assets and no issue is raised in regard to charitable immunity.

The general rule is that one exercising the custody of a child

of tender years must use ordinary care. Restatement 2d, Torts 2d, 132, § 320; Anno., 27 ALR 1018; 65 CJS 491, Negligence, § 4 (3); 67 CJS 749, Parent & Child, § 46; 38 AmJur 685, Negligence, § 40. "Ordinary care involves the exercise of a degree of caution and diligence commensurate with the circumstances and the danger involved therein." *Y. M. C. A. of Atlanta v. Bailey*, 107 Ga. App. 417, 419 (130 SE2d 242). While the defendant Church and its agent Mrs. Bourn may not have owed him the same degree of care that would be due a much younger child, still it cannot be said as a matter of law that they owed him no duty whatsoever.

The cases which place an additional standard of care upon a 14-year-old, insofar as contributory negligence is concerned, point out that such boy "should not be treated as a child of 'tender years,' but as a young person who has passed that period and become chargeable with such diligence as might fairly be expected of the class and condition to which he belongs. . . While the conduct of a boy of his age, under such circumstances, is not to be judged by the same standard as that of a man, he is nevertheless held to a higher degree of responsibility than one whom the law regards as an infant of 'tender years.' A young person of the age of this plaintiff is presumed to be capable of realizing danger and of exercising the necessary forethought and caution to avoid it, and is presumptively chargeable with diligence for his own safety, where the peril is palpable and manifest." *Laseter v. Clark*, 54 Ga. App. 669, 672 (189 SE 265); *Beck v. Wade*, 100 Ga. App. 79, 83 (110 SE2d 43); *Redding v. Morris*, 105 Ga. App. 152, 154 (123 SE2d 714). These cases are not authority for the proposition that one assuming the parental custody of the child is under no legal responsibility. See, in this connection, *Marques v. Riverside Military Academy*, 87 Ga. App. 370 (73 SE2d 574).

Under the facts of this case Mrs. Bourn was, by consent of the deceased's father, given custody of the boy. In those situations where the same parent who brought suit gave consent to another to exercise custody over the child then the negligence of the custodian is attributed to the parent so as to bar recovery. *Woodham v. Powell*, 61 Ga. App. 760, 761 (2) (7

SE2d 573). However, the mother's right of action for the child's homicide under *Code* § 105-1307, as amended (Ga. L. 1952, p. 54), is not barred by the negligence of a custodian chosen by the father. *Atlanta & C. A. L. R. Co. v. Gravitt,* 93 Ga. 369 (20 SE 550, 26 LRA 553, 44 ASR 145); *Crook v. Foster,* 142 Ga. 715, 719 (83 SE 670). In legal contemplation Mrs. Bourn was, at least, a voluntary custodian of the deceased boy and therefore owed him that degree of care, including control and supervision, commensurate with his age and understanding. Thus, under the complaint as drawn, the only reasonable assumption is that Mrs. Bourn exercised no control or supervision over the boy and the trial judge erred in sustaining the two defendants' motions to dismiss.

■ The defendants in Case 43530 as well as the defendant Dairy in Case 43540 contend that the plaintiff's deceased assumed the risk by entering a known dangerous condition, that is, the deep water in a swimming pool. Giving the pleadings a construction favorable to the pleader, under the allegations of the complaint we cannot assume that the deceased had any warning or notice of the danger since nothing to that effect is alleged. This proposition is further supported by the allegations in the complaint that the defendant was negligent in failing to post warnings or signs setting out the depth of the water and whether there is deep water, all as required by the DeKalb ordinances. Even an adult, who is acting lawfully, is not required to anticipate the negligence or unlawful conduct of others. *Southern Bell Telephone &c. Co. v. Bailey,* 81 Ga. App. 20, 25 (57 SE2d 837); *Beadles v. Bowen,* 106 Ga. App. 34, 37 (126 SE2d 254); *Poppell v. Smutney,* 106 Ga. App. 480 (2) (127 SE2d 335).

Thus, there being no showing that the deceased was aware of the danger and since assumption of the risk presupposes a knowledge of the danger assumed (*Roberts v. King,* 102 Ga. App. 518, 521 (116 SE2d 885)), on motion to dismiss the complaint does not reveal the plaintiff would be precluded from recovering.

■ The defendant Dairy contends that the complaint affirmatively reveals that the deceased's status was no more than

that of a mere licensee. Thus, the Dairy only owed him the duty not to wilfully or wantonly injure him and since there were no allegations of wilful or wanton negligence on the deceased's part, the plaintiff was not entitled to recover.

We recognize the rule that one who is socially invited to another's house is not an "invitee" within the meaning of the law. *Stanton v. Grubb,* 114 Ga. App. 350 (151 SE2d 237); *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482). However, the deceased was not merely a social invitee on the defendant's premises. The plaintiff's deceased did go on the premises for purposes of his own enjoyment but the defendant received benefit also, as alleged in the complaint, since there was a business-oriented purpose involved, that is, advertising of the defendant's products and resultant increment of sales.

"The mutuality of interest required to make one on the premises of another an invitee does not mean that there must be a commercial business transaction between the parties, but merely that each party is moved by a lawful purpose or interest in the object and subject matter of the invitation; the enterprise must be mutual to the extent that each party is lawfully interested therein, or that there is common interest or mutual advantage involved." *Findley v. Lipsitz,* 106 Ga. App. 24, 26 (126 SE2d 299). In short, monetary consideration is not essential to the relationship of owner or occupier and invitee since common interest or mutual advantage is sufficient. *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288, 291 (30 SE2d 426); *Norman v. Norman,* 99 Ga. App. 755, 760 (4) (109 SE2d 900). The deceased's status as an invitee could be proved under the allegations of the complaint and hence the complaint was not subject to the objection urged against it.

■ We now consider the judgment sustaining the motion to dismiss of the individual defendant Mathis. In considering the liability of the defendant Mathis with regard to the allegations of negligence charged to him the following principles are applicable: an agent is ordinarily not liable for mere nonfeasance. *Kimbrough v. Boswell,* 119 Ga. 201 (1) (45 SE 977); *Southern R. Co. v. Grizzle,* 124 Ga. 735 (53 SE 244, 110 ASR 191). However, he is liable for misfeasance or the improper

doing of an act which he might lawfully do. Misfeasance also involves the idea of not doing, as where an agent engaged in the performance of an undertaking does not do something which is his duty to do or does not take that precaution or exercise that care which due regard for the rights of others requires. *Hoppendietzel v. Wade*, 66 Ga. App. 132 (5) (17 SE2d 239); *Warnock v. Elliott*, 96 Ga. App. 778, 788 (101 SE2d 591). Before an agent becomes liable for an act of omission alleged to have constituted negligence with resultant injury, it must appear that the agent agreed to perform such act for his principal or assumed to perform it. *Risby v. Sharp-Boylston Co.*, 62 Ga. App. 101 (2) (7 SE2d 917).

The complaint alleged that the defendant Mathis in his capacity as general manager of the corporation was charged with the responsibility of insuring the corporation's compliance with the pertinent DeKalb ordinances. Under these allegations the defendant Mathis stood in the shoes of the corporation and was its alter ego, acting in its behalf. We have already determined that there are sufficient allegations of negligence charged to the corporate defendant, R. L. Mathis Certified Dairy. Hence, the alleged negligence of the defendant Mathis in failing to carry out the corporation's responsibilities with regard to water safety under the DeKalb ordinances would constitute more than a mere non-feasance on his part and would in fact amount to an actionable misfeasance.

As held in *Ramey v. Pritchett*, 90 Ga. App. 745, 751 (84 SE2d 305): "An agent who undertakes the sole and complete control and management of the principal's premises is liable to third persons, to whom a duty is owing on the part of the owner, for injuries resulting from his negligence in failing to make or keep the premises in a safe condition." See *Sharp-Boylston v. Bostick*, 90 Ga. App. 46 (81 SE2d 853).

The defendant Mathis having been vested with authority of management and control of the premises owed a duty to the plaintiff's decedent to see that the premises were maintained in a safe condition and the trial judge erred in sustaining his motion to dismiss.

The trial judge in Case 43530 erred in sustaining the motions

to dismiss of the defendants R. L. Mathis, II, the Grant Park Baptist Church and Mrs. Willeen Bourn. In Case 43540 the trial judge correctly overruled the motion to dismiss filed by R. L. Mathis Certified Dairy Company.

*Judgments reversed in Case 43530; judgment affirmed in Case 43540. Bell, P. J., concurs. Hall, J., concurs in Divisions 1, 2, 3 and 5, and with the judgment as to Division 4.*

HALL, Judge, concurring specially. I concur specially with Division 4 for the sole reason that the complaint adequately stated a *claim* for relief under Ga. L. 1966, pp. 609, 619, as amended (*Code Ann.* § 81A-108).