RICHMOND A. REID, plaintiff in error, *vs.* ROBERT C. HUM-
BER, defendant in error.

An agent of a factor is not liable to a third person for failing to transmit
his orders to the principal of the agent as to the sale of cotton con-
signed by such third person to the factor.

Principal and agent.    Factors.    Before Judge BARTLETT
Putnam Superior Court.    March Term, 1873.

This was an action on the case brought by Humber against
Reid, alleging that Humber, in the year 1867, delivered to
Reid, at Eatonton, as the agent of Sims & Company, factors
and commission merchants in Savannah, a lot of cotton, to be
consigned to said factors with instructions not to sell said cotton
without further orders from Humber; that Reid took posses-
sion of said cotton, sent it to said factors, and negligently
failed to communicate said order, whereby said cotton was sold
at thirteen and one-half cents per pound, when, if said orders
had been obeyed, Humber would have realized thirty-three
cents per pound.    Suit was brought for the difference in the
prices above stated.

The defendant pleaded as follows:

1st. General issue—not guilty.

2d. That defendant was the agent of Sims & Company, and
entered into no understanding and agreement in respect to the
sale and consignment of the cotton, and did not exceed his
authority in the premises.

3d. Former recovery, in this: that, at the May term of
Chatham Superior Court, in the year 1868, Humber brought
his action on the case against Sims & Company, alleging that
he was damaged by the sale, contrary to and against orders, of
this identical lot of cotton, and that at the July term of said
Court, the said Sims & Company recovered a judgment against
the said Humber, which still remains in full force and effect.

The jury returned a verdict for the plaintiff.    The defend-
ant moved for a new trial, upon the ground that the Court
erred in charging the jury as follows:

"The law imposes upon a party who represents himself as the agent of another, the obligation to communicate to the principal the instructions given by persons dealing with such agent, and if the jury conclude, from the evidence, that the plaintiff instructed the defendant, as agent, to instruct his principal not to sell his cotton until further orders, (and no form of words is necessary to convey such instructions,) if the words used were sufficient to convey such instructions, and the defendant failed to communicate such instructions, he is guilty of a *tort*. If the jury should believe from the evidence that the plaintiff has been damaged by such *tortious* act, he is entitled to recover such amount of damage as the evidence shows he has sustained."

The motion was overruled, and the defendant excepted.

LAWSON & FITZPATRICK, for plaintiff in error.

REESE & REESE, for defendant.

TRIPPE, Judge.

It was conceded in the argument that, unless the rule be changed by the Code, an agent is not liable to a third person for damage resulting to him from the non-performance or neglect of a duty which the agent owes to his principal. To this point the authorities are numerous: Story on Ag., secs. 308, 309, 310; Sh. and R. on Negligence, sec. 111; 1 Hilliard on Torts, 123. This was admitted by counsel in the argument, but it was claimed that, by sections 2213 and 2951, new Code, the law is changed. In the first of those sections it is declared, that an agent is responsible "for his own *tortious* acts, whether acting by command of his principal or not." The next section (2951) defines a *tort* to be "a legal wrong committed upon the person or property, independent of contract." It may be either, 1st. A direct invasion of some legal right of the individual. 2d. The infraction of some public duty, by which special damage accrues to the individual. 3d. The violation of some private obligation, by which like damage accrues to

Reid *vs.* Humber.

the individual.    In the former case, no special damage is necessary to entitle the party to recover.    In the two latter cases such damage is necessary.    Section 2213 does not change or add to the old law, as to the liability of an agent.    He was always responsible for his own *tortious* acts.    Nor do we see wherein the other section makes any change, or imposes any liability on the agent in this case.    It does not come within the rule as set out, either under the first or second heads of that section.    There was no direct invasion of some legal right of the defendant in error, nor was there any infraction of a public duty.    The third head is the violation of some private obligation by which damage ensues.    Section 2953 aids in the construction of this.    It says, " private duties may arise either from *statute,* or *flow from relations* created by *contract,* express or implied."    Putting the two sections together, or rather the third division of sections 2951 and 2954, and there must be special relations existing between the parties, and those relations created by contract.    It is true that section 2951 says a *tort* is a legal wrong committed on the person or property, *independent of contract.*    That is true.    There may be *torts* without the breach of any contract.    A shoots the horse of B ; he commits a *tort,* but there was no contract violated.    Section 2954 shows that where the *tort* is for the violation of any private obligation, that obligation results from the relations of the parties, created by contract, express or implied.    Now, what relations existed between the plaintiff and defendant in this case, created by contract, either express or implied ?    To constitute a legal contract, there must be a consideration.    Was there any here ?    A party shipped his cotton to his factor ; he then told the agent of that factor, who was at another depot from where the cotton was shipped, that he did not wish the cotton sold until further orders.    Was there a legal obligation on that agent towards the shipper to transmit his directions to the factor.    From what did it spring ?    The agent was bound to his principal, and would have been responsible to him for any damages recovered against the principal, on account of the agent's failure.    And the shipper may have been entitled

to recover against the principal, either for the neglect of the agent in not forwarding the instructions, or for the violation of them by the principal, if they had been communicated. But we cannot see that there was any such relations between the agent and the shipper to render the agent liable to him for the neglect. Had the shipper made the agent his own agent in the matter for a consideration, the case would be different.

We find nothing in the Code changing the old rule, and as the charge of the Court was in conflict with what we think was the law of the case, a new trial should be granted.

Judgment reversed.