## KNIGHT v. ATLANTIC COAST LINE R. CO. et al.
### No. 7493.

Circuit Court of Appeals, Fifth Circuit.
Oct. 27, 1934.

J. P. Highsmith, of Baxley, Ga., for appellant.

Larry E. Pedrick, Leon A. Wilson, and John W. Bennett, all of Waycross, Ga., for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant brought an action in a Georgia state court against the appellee, Atlantic Coast Line Railroad Company, a Virginia corporation, and B. C. Poppell, a citizen and resident of the state of Georgia, claiming damages in a sum exceeding $3,000, alleged to have been caused by a passing locomotive setting fire to ignitible substances on the right of way of the appellee; the fire so started spreading to land of the appellant contiguous to the right of way. The negligence alleged was the permitting ignitible grass and other substances to remain on the right of way; no negligence in the

operation of a locomotive of the appellee being alleged. Appellant's petition alleged: "Said defendant Poppell was the section foreman in charge of that particular portion of said right of way where and upon which said fire originated and it was the duty of said Poppell, for the protection of the public against the danger and hazard of fire from the operation of trains, to keep said right of way at said point and at said time reasonably free and clear of dry grass and weeds and other easily ignitible substances, which duty said defendant Poppell owed to the public not only in his capacity as section foreman, but also individually by reason of having undertaken and entered upon the performance of said work as hereinafter shown." The petition contained allegations to the effect that just preceding the time in question the defendants cleared of easily ignitible material the greater portion of the right of way in the area in question, but allowed a large quantity of dry grass, weeds, and other combustible and easily ignitible material to accumulate and remain on a part of the right of way about a quarter of a mile in extent, where the alleged fire originated. The appellee filed in the court in which the action was brought its petition for the removal of the cause to the court below, and, as required by law, filed bond and caused a certified transcript of the record in the cause to be filed in the court below. The appellant filed a motion to remand the cause to the court in which the suit was brought. That motion was denied. Following the rendition of a judgment dismissing the suit, the appellant appealed, and assigns as error the denial of his motion to remand.

The case was removable by the appellee if the appellant's petition stated no cause of action against Poppell, a citizen of Georgia, who was named as a party defendant. Plunkett v. Gulf Refining Co. (D. C.) 259 F. 968; 4 Hughes, Federal Practice, § 2332. The petition's allegations of fact do not show that Poppell had any duty with respect to appellee's right of way except such as was imposed by his contract of employment as section foreman. The allegation of the petition to the effect that Poppell owed a duty to appellant as a member of the public is a statement of a mere conclusion of the pleader; the petition containing no allegations of facts giving rise to a duty of Poppell to the appellant with reference to the condition of the right of way. Nothing contained in the petition is inconsistent with the conclusion that, other than his duties to his employer under his contract of employment, the law imposed on Poppell no duty to clear any part of his employer's right of way of easily ignitible material. His failure or omission to do anything in that regard was not a breach of any duty owing by him to the public generally or to the appellant. Poppell, by refraining from removing easily ignitible material from the part of the right of way in which the fire started, breached no duty except that owing to the appellee under his contract of employment. Though a third person suffers loss as a result of an agent failing to perform his duties to his principal, if that breach of duty to the principal is unaccompanied by any act or omission of the agent whereby a duty owing by him to the third person is breached, no cause of action accrues in favor of the latter against the agent. Reid v. Humber, 49 Ga. 207; Southern Railway Co. v. Grizzle, 124 Ga. 735, 53 S. E. 244, 110 Am. St. Rep. 191; Kelly v. Robinson (D. C.) 262 F. 695; Macutis v. Cudahy Packing Co. (D. C.) 203 F. 291. As to the public generally, and as to the appellant as one of the public, it was not made to appear by allegations of fact that Poppell was under any duty with reference to the condition of the part of the right of way where the fire started. The allegations of the petition do not show that Poppell incurred any liability to the appellant by failing or omitting to do anything with reference to easily ignitible material on the part of the right of way where the fire started, or in any other way. It follows that the petition failed to allege any cause of action against Poppell, and that the court did not err in denying the motion to remand.

Attention was called to the decision of the Court of Appeals of Georgia approving the action of the court in which the suit was brought in denying appellee's petition for the removal of the cause to the court below. Atlantic Coast Line R. Co. v. Knight, 48 Ga. App. 53, 171 S. E. 919. If appellee was entitled to the removal applied for, it did not lose that right by the denial of it by the state tribunal or tribunals. In so far as the decision in the cited case was to the effect that the allegations of the petition showed a duty owing by Poppell to the appellant and a breach of that duty, this court is not bound to follow that decision, assuming that it would have been so bound if the court rendering that decision had been one of last resort. As to that decision, rendered by a Georgia court subordinate in rank to the Supreme Court of Georgia, we think it is enough to say that in our opinion it is not in harmony with above-cited decisions of

the Supreme Court of Georgia, and cannot be accepted as evidence of the settled law of Georgia applicable to the state of facts alleged in appellant's petition.

The judgment is affirmed.