## NAHM et al. v. J. R. FLEMING & CO. et al.
### No. 1783.

Court of Civil Appeals of Texas. Eastland.
April 29, 1938.

Rehearing Denied May 27, 1938.

L. H. Welch, of Breckenridge, for appellants.

Floyd Jones, of Breckenridge, for appellees.

LESLIE, Chief Justice.

Henry Nahm and Ben Kessell, partners in the pecan business, instituted this suit in Stephens County against Thomas Basham, Joe Beaty, J. R. Fleming and A. S. Moake. It was alleged that Basham and Beaty resided in Stephens County and that Fleming and Moake, composing a partnership of J. R. Fleming & Company, resided in Parker County.

Fleming and Moake each filed pleas of privilege to be sued in Parker County. Plaintiffs filed controverting affidavit and upon the trial of the venue issues the court sustained the pleas of privilege and changed the venue as to Fleming and Moake to Parker County. This appeal is from that order.

It is the appellants' contention that the undisputed evidence fixed the venue in Stephens County. The undisputed evidence shows that the defendant Basham, while an employee of plaintiffs, stole from them in Stephens County a quantity of pecans and sold and delivered them in that county to Joe Beaty for said Fleming and Moake, to whom (in Parker County) Beaty shipped the nuts. Beaty in receiving the pecans for said principals paid Basham for them by drafts drawn upon Fleming and Moake and honored by them at Weatherford, Texas.

In the consummation of said transaction in Stephens County, said Beaty was the duly authorized agent of said Fleming and Moake and acting within the scope of his authority. It is undisputed that Beaty was, at all times material to the venue question, a resident of Stephens County, Texas. It is alleged that demand for the return of the pecans was made upon Beaty and each of the other defendants and that they refused to comply with same.

The controlling venue fact is that a conversion of appellants' pecans took place in Stephens County. The participation therein by Beaty, or by Fleming and Moake through said agent Beaty, fixes the venue of this cause in that county as against both Fleming and Moake.

In Restatement of the Law, Torts, p. 590, § 231, the rule of liability of the agent under such circumstances is stated thus:

"One who, as agent or servant, receives the possession of a chattel on behalf of his principal or master in consummation of a transaction negotiated by the actor for the purpose of giving a proprietary interest in the chattel to the principal or master is liable for a conversion to another who is entitled to the immediate possession of the chattel."

The following is given as an "illustration" of the rule: "A, acting within the scope of his authority as agent for B, buys a number of bales of cotton from C without knowledge or reason to know that C had stolen the cotton from D. A takes possession of the cotton pursuant to the transaction. A is liable to D."

Texas authorities to the same effect are: Kauffman v. Beasley, 54 Tex. 563; Ellis v. Stine, Tex.Civ.App., 55 S.W. 758; Shilling v. Shilling, Tex.Civ.App., 35 S.W. 420; Ward v. Odem, Tex.Civ.App., 153 S.W. 634; 42 Tex.Jur. p. 536. For weight of authority on such agent's liability, see subject "Trespass" (p. 410) and "Conversion" (p. 416) of extended notes to opinion in A. E. Knight v. Atlantic Coast Line Railroad Co. et al., 5 Cir., 73 F.2d 76, 99 A.L.R. 405.

Upon this point the Supreme Court of Oregon in Velsian v. Lewis, 15 Or. 539, 16 P. 631, 3 Am.St.Rep. 184, cited in 38 A.L.R. 1099, says (page 632):

"At first blush, it may seem strange that one who takes possession of goods or chattels under a contract of purchase from one who had no right to sell should be treated as a wrong-doer, but the explanation of the principle lies in the common-law maxim caveat emptor, which applies to the transfer of personal property. It is the buyer's own fault if he is so negligent as not to ascertain the right of the vendor to sell, and he cannot successfully invoke his bona fides to protect himself from liability to the true owner, who can only be divested of his rights or title to his property by his own act, or by the operation of law. Every person is bound at his peril to ascertain in whom the

real title to property is vested, and, however much diligence he may exert to that end, he must abide by the consequences of any mistake * * *."

In substance, the rule is likewise stated in 37 Tex.Jur. p. 494, § 224, where many Texas authorities are cited.

It is elementary that the principal is liable in trover for the acts of his agent within the scope of his authority in wrongfully converting property. Hazleton v. Holt, Tex.Civ.App., 285 S.W. 1115; Ward v. Odem, Tex.Civ.App., 153 S.W. 634; 42 Tex.Jur. p. 535, §§ 25, 26; 2 Tex.Jur. p. 551. What a principal does through an agent he does himself. Further, as stated by this court in Cantey v. City Nat. Bank, Mineral Wells, 95 S.W.2d 475, 476:

"It has been definitely determined by the courts of Texas that the conversion of personal property amounts to a 'trespass' under subdivision 9 of Article 1995, R.S.1925. Bowers v. Bryant-Link Co. (Tex.Com. App.) 15 S.W.2d 598; Thorp Springs Christian College v. Dabney (Tex.Civ.App.) 37 S.W.2d 193; Frankfurt v. Grayson (Tex. Civ.App.) 80 S.W.2d 486; Bramblett v. Roby State Bank, (Tex.Civ.App.) 67 S.W. 2d 450; Hall v. Saunders (Tex.Civ.App.) 15 S.W.2d 717."

For further authorities see 42 Tex.Jur. p. 546, § 35.

The liability of Beaty, Fleming and Moake, if any, is upon the principle of their being joint tort-feasors in effecting the conversion, and as to them there was concert of action and the exercise of dominion and control over plaintiffs' property in Stephens County. This is determinative of the venue question under said exception 9 upon the theory of trespass and conversion. Bowers v. Bryant-Link Co., Tex.Com.App., 15 S. W.2d 598; Alexander v. Alexander, Tex. Civ.App., 265 S.W. 1072; Cantey v. City National Bank, supra.

Further, it being undisputed that the residence of Beaty was in Stephens County and the pleadings disclosing that Fleming and Moake are proper parties to the suit in Stephens County, these circumstances, independent of others, fix the venue in Stephens County under the authority of Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

By their suit the plaintiffs seek to recover the pecans, and in the alternative their market value at the time of the conversion, alleging same to be the sum of $389.95. They also seek to recover as "exemplary damages" an additional sum of $519.05. Fleming and Moake honored drafts aggregating $389.95, and that would appear to be the market value of the stolen pecans. For this amount doubtless each defendant would be liable. That Basham would be liable for exemplary damages in some amount is not to be doubted. The liability of the other defendants is not so clearly reflected by the pleadings which are loosely drawn. We have given the matter of pleadings in this respect much consideration, and, while conscious of their defects and meagerness upon the issue of exemplary damages, we have finally concluded that the vice is one which is subject to an attack by special exception, rather than general demurrer. We are, therefore, constrained to hold that a cause of action within the jurisdiction of the district court is stated when arrived at by a combination of actual and. exemplary damages.

In so holding we have in mind the rule of law stated in 15 C.J. p. 760, § 55, as follows: "The real amount involved in an action may be put in issue by a plea to the jurisdiction, although the apparent amount as shown by the pleading or record is within the jurisdictional limit; and where the claim asserted is on its face sufficient to bring the case within the jurisdiction of the court, the issue as to the bona fides of such claim must be raised by a plea to the jurisdiction."

The text cites the following supporting Texas authorities: Baker v. Guinn, 4 Tex. Civ.App. 539, 23 S.W. 604; Allison v. Haney, Tex.Civ.App., 62 S.W. 933; Strickland v. Sloan, Tex.Civ.App., 50 S.W. 622; Barnes v. Bryce, Tex.Civ.App., 140 S.W. 240; McDaniel v. Staples, Tex.Civ.App., 113 S.W. 596; Western Union Telegraph Co. v. Siddall, Tex.Civ.App., 86 S.W. 343; Hamilton v. Peck, Tex.Civ.App., 38 S.W. 403.

In this case the amount involved under the pleadings was not put in issue by any plea in abatement and we cannot say that the "plaintiff in framing his petition has improperly sought to give jurisdiction where it does not properly belong." Dwyer v. Bassett & Bassett, 63 Tex. 274; 11 Tex. Jur. p. 739, § 26; Id. p. 720, § 14.

For the reasons assigned we conclude that the trial court erred in granting the pleas of privilege of Fleming and Moake and changing the venue as to them to Parker County. The judgment in that respect is reversed and here rendered overruling said pleas of privilege. It is so ordered.