ONETO et al. v. CONSOLIDATED MOTOR LINES, Inc., et al.

Civ. No. 1446.

District Court, E. D. New York.

Sept. 21, 1940.

140

Hirson & Bertini, of New York City (Max L. Rothenberg, of New York City, of counsel), for plaintiffs.

Kenneth H. Guild, of New York City, for defendant Consolidated Motor Lines, Inc.

MOSCOWITZ, District Judge.

Plaintiffs moved to remand this action to the Supreme Court of the State of New York from which it was removed to this Court on application of the corporate defendant Consolidated Motor Lines, Inc.

The alleged ground for the removal to this Court is the claim of diversity of citizenship between the plaintiffs, residents of New York, and the defendant Consolidated Motor Lines, Inc., a Connecticut corporation. The individual defendant Frank Vardabash is a resident of the State of New York.

The action is based upon the alleged negligence of Consolidated Motor Lines, Inc., the employer of the defendant Vardabash, for the alleged negligent acts of the employee.

Diversity of citizenship has not been shown. It appears that the plaintiffs are residents of the State of New York and the individual defendant, Frank Vardabash, is likewise a resident of New York state; furthermore, there is no separable controversy.

An action cannot be removed from the State Court to the Federal Court solely upon the ground that diversity of citizenship exists between the petitioning defendant and the plaintiffs. There must be diversity of citizenship between all the plaintiffs and all of the defendants. The exception is that if the controversy is separable as to the resident defendant, the action may be removed. See Norwalk v. Air-Way Electric Appliance Corporation, 2 Cir., 87 F.2d 317, 110 A.L.R. 183; Olsen v. Jacklowitz, 2 Cir., 74 F.2d 718; Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115.

The fact that the resident defendant, Vardabash, has not been served with a summons does not entitle the Consolidated Motor Lines, Inc., the non-resident defendant, to remove the action from the State Court to the Federal Court. See Hane v. Mid-Continent Petroleum Corporation, D.C., 47 F.2d 244.

Motion to remand is granted.