### GRAY et al. v. STANFORD RESEARCH INSTITUTE et al.

#### Civ. A. 1331.

United States District Court,
N. D. Texas, Lubbock Division.

Oct. 14, 1952.

Park & Hemphill, Snyder, Tex., for plaintiffs.

L. W. Anderson, Dallas, Tex., for defendant Stanford Research Institute.

Carrington, Gowan, Johnson & Walker, Dallas, Tex., for the defendant partnership Slick-Moorman Oil Co.

Cox, Patterson & Smith, San Antonio, Tex., for the defendants Slick-Moorman Oil Co., and American Republics Corp.

Burton W. Morris, Houston, Tex., for defendant American Republics Corp.

DOOLEY, District Judge.

The plaintiff Gray and several other land owners, all citizens of Texas, as plaintiffs in a State Court, each suing on a separate claim, neither having any undivided, joint or common interest in any other claim or claims, but joining simply for economy and convenience in the same suit, since all claims had a common origin, brought this action originally against the Stanford Research Institute, a California corporation, and American Republics Corporation, a Delaware corporation, and later by amendment also against the partnership named Slick-Moorman Oil Company, all the partners being citizens of Texas, to recover for alleged damages to improvements on the several tracts of land belonging to the plaintiffs respectively, from vibrations and concussions of dynamite explosions set off by the said Stanford Research Institute in doing certain seismographic work undertaken to appraise the mineral prospects of other lands lying in the same extensive vicinity.

This suit was filed in the State Court on June 5, 1952. Process from that court was served on the two original defendants promptly. The defendant American Republics Corporation filed a general denial as its answer in the State Court on June 25, 1952. The amended petition joining the aforesaid partnership was filed in the said court on July 11, 1952. Process issued and was served on the manager of said partnership July 15, 1952. The defendant Stanford Research Institute filed a petition for removal, together with the required bond, and effected the removal of the suit to this Federal Court on July 16, 1952. The plaintiffs have filed a motion herein to remand this suit.

The defendant American Republics Corporation, at the time material herein, was and had been the owner of oil and gas leases lying somewhat compactly in the general area between Hermleigh, Texas and Snyder, Texas. It granted to the partnership Slick-Moorman Oil Company an option for a checkerboarded spread of tracts within said body of oil and gas leases and with the privilege of seismographic operations on the land. The said partnership Slick-Moorman Oil Company engaged the defendant Stanford Research Institute to make a seismographic exploration on the land. This is a specialized kind of engineering service. In doing such work explosives customarily are and were in this instance used. The plaintiffs all trace their alleged damage to the explosions set off in the course of this work.

■■  An inquiry as to diversity of citizenship looks to the pleadings in force on the date of filing the petition for removal, although as here after service on the original non-resident defendants an amended petition is filed joining the resident partnership as new defendant, and said defendant had been served but had not yet appeared when the petition for removal was filed.[1] It follows that the common citizenship reflected in the amended petition between the plaintiffs and the partnership defendant must be noticed. The reality and nature of the claim made against said defendant at once becomes important. The plaintiffs each rely on a single cause of action for wrongful damage to real estate. If the amended complaint reflects any tenable ground of liability against the partnership

1. Clarence Straits Salmon Co. v. Alaska Pacific Salmon Corp., D.C., 3 F.Supp. 484; Highway Const. Co. v. McClelland, 8 Cir., 14 F.2d 406 and 15 F.2d 187; Oneto v. Consolidated Motor Lines, Inc., D.C., 35 F.Supp. 139; Del Fungo Giera v. Rockland Light & Power Co., D.C., 46 F.2d 552; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

defendant the case was improperly removed. On the other hand if said complaint, as a matter of law, fails to make out any prima facie liability against said defendant, no better claim is stated against the other defendant American Republics Corporation, and the case was rightly removed by the defendant Stanford Research Institute.[2]

■ Neither the plaintiffs' complaint nor the corporate defendant's petition for removal supply either copies or detailed summaries of the farm-out contract between the other corporate defendant and the partnership defendant and the contract for seismographic services between the partnership defendant and the removing defendant, although that information might well make a crucial difference in the decision of the immediate point in question.[3] The said complaint, as sanctioned by Rule 8(e) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., alleges alternatively that defendant Stanford Research Institute was doing its work "as a contractor, agent, employee, servant or for the benefit or consent of the American Republics Corporation, or Slick-Moorman Oil Company, or both", and supplemented this with other averments tending, in spite of some generality, to connect the different defendants in a responsible way with the testing activities, as in the example of the paragraph quoted below.[4] The above alternative language of the complaint is more definite even than some analogous specimens of pleadings sustained or unquestioned under the present practice in Federal courts.[5] The plaintiffs under their complaint do not commit themselves solely to the theory that under the contract for seismographic exploration the defendant Stanford Research Institute became independent contractor and the defendants Slick-Moorman Oil Company and American Republics Corporation became contractees. Of course if that were the defined attitude of the parties then it would be doubtful that the plaintiffs have alleged any good ground of liability against the last two defendants, as an appellate court of Texas has held that operations of this kind on prospective oil and gas lands are not per se or intrinsically dangerous,[6] nor do the plaintiffs even allege so much in their complaint. This would hardly leave any foothold on the face of the pleadings for liability against the contractees. The connected language of the same allegation, however, in terms of "agent, employee, servant" has a different impact and is broad enough to support a case of joint liability on the part of all defendants for damages from negligence in the course of the exploratory work.[7] At least no "separate and independent" cause of action, in the sense of the removal statute[8], is alleged against the removing defendant. The plaintiffs' motion to remand is sustained.

The removing defendant has not challenged the plaintiffs' said complaint for bad faith or intent to defeat the federal removal jurisdiction, and the present ruling is aside from the questions raised in that kind of contest.

2. Perry v. Standard Oil Co., D.C., 15 F. Supp. 563; Thiel v. Southern Pac. Co., 9 Cir., 126 F.2d 710; Knight v. Atlantic Coast Line R. Co., 5 Cir., 73 F.2d 76, 99 A.L.R. 405; Peters v. Plains Petroleum Co., 10 Cir., 43 F.2d 49; Cella v. Brown, 8 Cir., 144 F. 742.

3. City of Winfield v. Wichita Natural Gas Co., 10 Cir., 267 F. 47.

4. "That the location of said explosive charges, the setting off of said explosive charges, the placing of all the equipment, apparatus, detectors, geophones, the blasting and all of the detonations above alleged were under the exclusive control and management of the defendants."

5. Reconstruction Finance Corporation v. Goldberg, 7 Cir., 143 F.2d 752; Keiser v. Walsh, 173 App.D.C. 167, 118 F.2d 13; American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

6. Seismic Explorations, Inc. v. Dobray, Tex.Civ.App., 169 S.W.2d 739.

7. Plymouth Consolidated Gold Mining Co. v. Amador & Sacramento Canal Co., 118 U.S. 264, 6 S.Ct. 1034, 30 L.Ed. 232; Snow v. Powell, 10 Cir., 189 F.2d 172; Pabst v. Roxana Petroleum Co., D.C., 30 F.2d 953; Willoughby v. Sinclair Oil & Gas Co., D.C., 89 F.Supp. 994; Best Foods, Inc. v. Mitsubishi Shoji Kaisha, Ltd., D.C., 39 F.2d 619.

8. Title 28 U.S.C.A. § 1441(c).