Schoonover's Administrator

v.

John A. Russell and
Vickie Lynn Terry

February 3, 1987

By JUDGE T. J. MARKOW

Before me is the demurrer which has been briefed and argued by counsel. It says that the defendants owed plaintiff's decedent no duty, that no proximate cause has been alleged, that there is no tort of "bad faith" as alleged by the plaintiff, and that the facts pled do not support a claim for punitive damages.

I find that the defendants owed the plaintiff no duty and, therefore, are not liable to him, even if all of the other allegations are true. Accordingly, I will enter an order sustaining the demurrer.

In the motion for judgment, plaintiff alleges that the defendant Terry was an employee of Blue Cross/Blue Shield, a health insurance carrier which covered Schoonover. Dr. Russell was a consultant to Blue Cross/Blue Shield. Schoonover was alleged to have been mentally ill and confined in a psychiatric hospital. Blue Cross/Blue Shield paid for his care to a point, but when requested by the hospital to pay for further services, it refused, allegedly, on the advice of Nurse Terry and Dr. Russell, which was given negligently, grossly negligently, willfully, wantonly and with bad faith. Schoonover was then released by the hospital and approximately two months later committed suicide because he did not receive the additional treatment for which the hospital requested Blue Cross/Blue Shield to pay. For purposes of the demurrer, these allegations are accepted as true.

There is no allegation establishing anything more than that in the course of their duties owed Blue Cross/Blue Shield, Terry and Russell committed acts which plaintiff contends were improper. Nothing of which I am aware, nor of which I have been informed, imposes any duties to Schoonover by either of these people. Their duties were owed to Blue Cross/Blue Shield. Were the court to hold otherwise, every employee of a company having anything to do with the act or omission of that employer which is alleged to be the basis of a cause of action would be a potential defendant. For example, designers in an auto company would be defendants in products liability cases involving negligent design of an automobile which resulted in injury to a plaintiff. (Of course, this hypothesis is somewhat different from here, as it would be controlled by the U.C.C.; nevertheless, I believe it accurately illustrates the point.)

Because of my decision here, I need not reach the other grounds of the demurrer.