## CIRCUIT COURT OF BOTETOURT COUNTY

Dolor D. Slone

v.

Stephen Ray Hickock et al.

November 6, 1991

By JUDGE GEORGE E. HONTS, III

This action comes on upon the demurrer of the defendant, Stephen Ray Hickock, to the motion for judgment filed against him and others for damages sustained by Dolor Slone.

The motion for judgment contains the following allegations which, by established procedure, we take as being true for the purposes of this demurrer.

Hickock was, at the time of the accident on July 2, 1987, an employee of the Virginia Department of Transportation (VDOT) at its depot, or yard, in Botetourt County near Eagle Rock. Slone was a hauling contractor, hauling gravel to the Eagle Rock site.

On July 2, 1987, Slone arrived at the site and backed his truck up a gravel ramp maintained by VDOT with the intent to dump the load. When Slone neared the top of the ramp, the ramp collapsed and flipped the truck backwards 60 feet down the side of the ramp causing injury to Slone.

On July 2, 1987, Slone arrived at the VDOT site at or about 3:50 p.m. At that time, Hickock was assigned to "check tickets" and direct trucks to safe areas to dump. At or about that time, Hickock "abandoned his duties as truck checker and director of dumping operations," and Slone backed up the ramp unassisted. Additionally, Slone alleges Hickock knew or should have known the ramp was unstable.

Slone alleges Hickock's conduct was intentional and willful; that his conduct constitutes gross negligence; that his gross negligence was outside the scope of his employment.

The defendant Hickock demurs on the grounds that:

1. Slone has not alleged facts essential to establish a claim of gross negligence.

2. Hickock owed no duty to Slone, that Hickock's duty was to his employer.

I shall address these demurrers in the order set out above.

## I. *Gross Negligence*

Gross negligence is that degree of negligence which shows such indifference to others as to constitute an utter disregard of prudence. It is conduct, presumably active conduct or passive conduct, that shocks the fair-minded person. *Ferguson v. Ferguson*, 212 Va. 86 (1971).

These pleadings as framed fall short of alleging such indifference as to constitute disregard of prudence. Hickock is alleged to have "abandoned" his duties. "Abandoned" is conclusional. Did Hickock quit, go AWOL, answer a call of nature, take an authorized coffee break, or what? The pleadings do not say and, perhaps in other circumstances, would not need to say. But here, where the prayer is to show conduct that shocks the fair-minded, the allegations are wanting.

While Hickock does not focus clearly upon the question of how he is alleged to have known, or should have known, the ramp was unstable, the pleadings in that regard are also insufficient to show gross negligence on the part of Hickock.

I sustain the demurrer to the pleadings alleging gross negligence. Leave is granted the plaintiff to replead within fourteen days from entry of an order in conformity herewith (which counsel for Hickock is directed to prepare) if he be so advised.

## II. *Hickock Had No Duty to Slone*

What, asks Hickock through his counsel, were his duties and to whom were those duties owed? Citing some

five cases from foreign jurisdictions and one circuit court case from this Commonwealth, Hickock maintains his duty was to his employer, VDOT, and not to Slone.

It is not alleged that Hickock negligently undertook a positive action (warning Slone that the ramp was unstable or misdirecting him), but rather he was negligent in taking no action at all because he had "abandoned" his duty.

Slone asserts he is a member of a special class of "the public" and that Hickock owed a duty to him. Hickock maintains his prior actions are irrelevant; that he did not "watch Slone fall into the gravels" and that he owed no affirmative duty to Slone. "Though a third person suffers loss as a result of an agent failing to perform his duties to his principal, if that breach of duty to the principal is unaccompanied by any act or omission of the agent whereby a duty owing by him to the third party is breached, no cause of action accrues in favor of the latter against the agent." *Knight v. Atlantic Coast Line*, 73 F.2d 76, 77 (5th Cir. 1934).

Hickock meets the first prong of the analysis: it is not alleged he performed any act which breached any duty owing by him to Slone. The question then is did he breach a duty by his omission -- the fact he was not at his assigned post for whatever reason.

Hickock's duty to be at his appointed place and perform his appointed tasks is a duty he owed to his employer, VDOT. It is not a duty owed to Slone. His failure to be where he was assigned to be was an omission. The pleadings conclude he "abandoned" his duty. The duty he "abandoned" was a duty owed VDOT.

Accordingly, I sustain the defendant Hickock's demurrer. As Judge Markow wrote, "Were the court to do otherwise, every employee of a company having anything to do with the act or omission of that employer which is alleged to be the basis of a cause of action would be a potential defendant." *Schoonover's Adm'r v. Russell*, 8 Va. Cir. 320, 321 (1987).

The plaintiff is granted leave to amend his pleadings within fourteen days from entry of an order (also to be prepared by counsel for Hickock) if he be so advised.