## CIRCUIT COURT OF FAIRFAX COUNTY

Ruth C. Pusey

    v.

Jack Riner,
Larry Davison,
and David Cross

February 18, 1992

Case No. (Law) 103725

BY JUDGE WILLIAM G. PLUMMER

This matter came on for hearing before the Court on Friday, November 22, 1991, on the demurrer of defendants, Jack Riner, Larry Davison, and David Cross to plaintiff Pusey's Amended Motion for Judgment and on Riner's plea of sovereign immunity. Counsel presented arguments and the Court took the matter under advisement. Although Cross had not joined in the demurrer at the time arguments were received by the court, Cross has subsequently demurred on grounds identical to the demurrer of Riner and Davison. Accordingly, the Court deems the ruling in this opinion letter applicable to all three defendants. Based upon arguments of counsel and for the reasons below, the Court sustains defendants' demurrer and Riner's plea of sovereign immunity and dismisses the Amended Motion for Judgment with prejudice as to all defendants.

Pusey's Amended Motion for Judgment alleges that on March 9, 1989, Pusey suffered injuries as she slipped and fell while walking across a parking lot at West Potomac High School. Pusey alleges that a residue of ice and snow remained on the parking lot after inclement weather due to the defendants' negligence. She contends that at the time of the accident, Riner was the coordinator of the Grounds Sec-

tion of the Maintenance Services Division, a department within Fairfax County Public Schools. Pusey further asserts that Davison was an employee of the Buildings and Grounds Section and had been dispatched to render the parking lot safe for pedestrians. The Amended Motion for Judgment alleges that the Grounds Section have a statutory duty to maintain the school parking lot and that the defendants breached this duty when they knew or should have known of the dangerous icy and snowy conditions and failed to remedy those conditions.

### Plea of Sovereign Immunity

Riner was employed by the Fairfax County School Board, a governmental body entitled, as a matter of law, to sovereign immunity for alleged torts involving simple negligence. *See, Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988); *Kellam v. School Board*, 202 Va. 252, 117 S.E.2d 96 (1960). Accordingly, the inquiry must turn to whether Riner, as an employee of the School Board, was similarly shielded from civil liability for simple negligence.

As the government can act only through individuals, sovereign immunity may generally extend to an official or employee of an immune governmental entity. *Lentz*, 236 Va. at 82-83; *Messina v. Burden*, 228 Va. 301, 310–312, 321 S.E.2d 657 (1984). When determining an employee's entitlement to sovereign immunity, a court must consider several factors, including: (1) the nature of the function performed by the employee; (2) the extent of the governmental entity's interest and involvement in that function; (3) the degree to which the governmental entity exercises control and direction over the employee; and (4) whether the alleged wrongful act involved the exercise of judgment and discretion by the employee. *Messina*, 228 Va. at 313; *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864 (1980).

At the hearing on November 22, 1991, the parties stipulated that as Coordinator of the Grounds Section, Riner was charged with supervisory responsibility. In that capacity, Riner directed the general administration of grounds maintenance for many schools and supervised numerous subordinate personnel.

The parties further stipulated that Riner exercised discretion in his administrative position. The Fairfax County School Board certainly had significant interest in Riner's performance in maintaining its school facilities.

The Court finds that the alleged wrongful acts were discretionary acts and served an important public function. Of further significance is the absence of any allegation that Riner acted outside the scope of his employment. *See James,* 221 Va. at 53 (no immunity for employee exceeding the scope of his employment); *Elder v. Holland,* 208 Va. 15, 155 S.E.2d 369 (1967). Consequently, the Court finds that in his capacity as Coordinator of the Grounds Section of the Fairfax County School Board, Riner is entitled to the protection of sovereign immunity and dismisses with prejudice Count I of Pusey's Amended Motion for Judgment.

### Demurrer

Defendants Riner, Davison, and Cross demur to the Amended Motion for Judgment on the grounds that their employment relationship with the Fairfax County School Board does not create a legal duty on their part to third persons comprising the general public. The defendants further argue that Pusey's allegations do not set out a cause of action for Pusey as a beneficiary of their employment contracts with the School Board.

Relying on *Standard Oil Co. v. Wakefield's Adm'r,* 102 Va. 824, 47 S.E. 830 (1904), Pusey insists that the defendants, by virtue of the position in which they were placed under their employment contracts, had a duty of ordinary care towards Pusey. Pusey contends that the defendants breached this duty by not remedying the alleged dangerous conditions of the school parking lot. Pusey's reliance on *Standard Oil,* however, is inapposite.

In *Standard Oil,* the defendant oil company, under a contract with the City of Richmond, shipped a large quantity of gas in a tank car provided by the defendant. The tank car, however, proved to have a defective discharge pipe which precipitated a gas leak. Wakefield, the plaintiff's decedent and an employee of the city's gas works, was assisting in unloading the car when it exploded, thereby killing him.

Affirming liability, the Supreme Court of Virginia found that the defendant possessed a general duty of ordinary care to the public. *Standard Oil,* 102 Va. at 824. In its decision, the court presents the following doctrine:

> But where, in omitting to perform a contract, in whole or
> in part, one also omits to use ordinary care to avoid injury
> to third persons, who, as he could with a slight degree of

care foresee, would be exposed to risk by his negligence,
he should be held liable to such persons for injuries which
are the proximate result of such omission.

*Id.* at 831 (quoting Shear. & Red. on Neg., § 116). Pusey cites this
language for the proposition that the defendants in the case at bar
had a duty towards her to maintain the school parking lot free of ice
and snow. She contends that she was a reasonably foreseeable victim
of their failure to clear the ice and snow.

When read in context, however, the *Standard Oil* opinion ex-
presses the general rule of liability against persons who negligently
act to the foreseeable harm of third persons. *See id.* at 830–32; *see
also, Southern States Grain Marketing Coop. v. Garber*, 205 Va.
757, 139 S.E.2d 793 (1965) (defendant liable to plaintiff, a business
invitee, where defendant negligently undertook positive action,
thereby injuring plaintiff). The facts underlying *Standard Oil* simply
did not involve, as does the case at bar, an omission of a contractual
obligation arguably resulting in harm to a third person. Rather, the
defendant had affirmatively provided a dangerous product which it
should reasonably have foreseen would create danger to those with
whom it came in contact. The Court recognized liability against the
supplier under such circumstances.

Referring to several negligence treatises, the *Standard Oil* Court
emphasized that suppliers of dangerous goods should be held liable
for the ensuing foreseeable harm to third persons, regardless of priv-
ity of contract. *Id.* at 830–32. The Court recognized a duty owing by
Standard Oil to, at least, the city employees unloading the car to
equip the car so that the gas could be safely discharged. *Id.* at 830.
This Court is unwilling to extend the rationale supporting *Standard
Oil* to the facts underlying the present action.

In the case at bar, Pusey has not alleged that defendants acted
affirmatively in a manner that was foreseeably dangerous to third
parties. Rather, the defendants are alleged to have failed to perform a
contract obligation which resulted in injury to Pusey. Confronting
similar issues, recent Virginia Circuit Court decisions have pro-
pounded the proposition that a simple omission to perform a contrac-
tual duty generally does not entail a breach of any duty owing to the
general public. *See, Schoonover's Adm'r v. Russell*, 8 Va. Cir. 320
(13th Cir. 1987); *Slone v. Hickock*, 25 Va. Cir. 422 (25th Cir. 1991).

In *Slone*, the plaintiff was a hauler of gravel. He alleged that the
defendant, an employee of the Virginia Department of Transporta-

tion charged with directing trucks to safe dumping sites, had left his post. The plaintiff contended that such gross negligence caused him to back up an unstable ramp unassisted, thereby precipitating an accident and causing injury to the plaintiff. The plaintiff contended that as a member of the public, the defendant owed a duty to him. Sustaining the defendant's demurrer, the Circuit Court held that the defendant's duty to be at his assigned post ran to his employer, not to the plaintiff.

The *Slone* court analyzed the case under the principle expressed in *Knight v. Atlantic Coast Line*, 73 F.2d 76, 77 (5th Cir. 1934):

> Though a third person suffers loss as a result of an agent failing to perform his duties to his principal, if that breach of duty to the principal is unaccompanied by any act or omission of the agent whereby a duty owing by him to the third party is breached, no cause of action accrues in favor of the latter against the agent.

*Slone*, at 424. The court concluded that the plaintiff's failure to be at his assigned post was an "omission" of a duty owing to his employer, rather than a positive act towards the plaintiff. *Id.*

Similarly, in *Schoonover's Adm'r v. Russell*, 8 Va. Cir. 320 (13th Cir. 1987), the plaintiff alleged that the defendants, employees of a health insurance carrier, breached a duty to the plaintiff's decedent when they advised the carrier to refuse payment for medical services. Upon a demurrer by the defendant, the court concluded, "Nothing of which I am aware, nor of which I have been informed, imposes any duties to [the plaintiff's decedent] by either of these people. Their duties were owed to [their employer]." *Id.*, 8 Va. Cir. at 321. Sustaining the demurrer, the court reasoned that the plaintiff's theory of recovery would potentially extend to any employee having anything to do with an act or omission of his employer which is alleged to be the basis of a cause of action.

In the case at bar, the Court finds that the defendants' duties were towards the Fairfax County School Board under their employment contracts; they did not owe any duty to Pusey with regard to the alleged wrongful conduct. Moreover, the Court finds that Pusey, as a member of the general public, was not a specifically intended beneficiary of the employment contracts between the defendants and the School Board so as to be able to recover civilly for the defendants' alleged failure to perform their contracts. *See, Kimmit v. Horton,*

Letter Opinion by Judge Sheridan, Law No. 88–1331 (17th Va. Cir., Feb. 26, 1990).

Finally, Pusey contends that the Grounds Section was had "a statutory duty to maintain school buildings and appurtenances, including parking lots." Amended Motion for Judgment at 2. The Virginia Code provides that school boards shall "[c]are for, manage and control the property of the school division and provide for the erecting, furnishing, and equipping of necessary school buildings and appurtenances and the maintenance thereof." Va. Code Ann. Section 22.1–79(2) (1985 & Supp. 1991). The Court finds that this statute did not impose any duty on the defendants individually to the specific benefit of Pusey. Rather, the statute imposes a duty on the Fairfax County School Board to the benefit of the public generally. Moreover, it is unclear whether this statutory delegation of maintenance duties involved a statutory mandate to keep an otherwise properly maintained school parking lot absolutely free from snow or ice.

Accordingly, for the reasons stated above, the Court sustains the defendants' demurrer and dismisses with prejudice Count II of Pusey's Amended Motion for Judgment. Consequently, the Court dismisses with prejudice the entire Amended Motion for Judgment.