## CIRCUIT COURT OF FAIRFAX COUNTY

Dianne Locklear

v.

Peter Pometto

### July 6, 1992

### Case No. (Law) 114236

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on the Defendant's Plea of Sovereign Immunity and Demurrer.

Both parties have submitted the matter to the Court on the pleadings and the affidavit of Peter Pometto. After review of the pleadings, affidavit, the argument of counsel, and the authorities submitted, the Court finds that the defendant is entitled to sovereign immunity, and the Demurrer should be sustained.

The defendant, Peter Pometto, is a health and physical education teacher and chairman of the Health and Physical Education Department at Longfellow Intermediate School in Falls Church, Virginia. As department chairman, Mr. Pometto has certain responsibilities for the health and physical education department. The affidavit provided describes his various responsibilities.

On November 26, 1990, the plaintiff, Dianne Locklear, was participating in an adult recreational volleyball league. The accident allegedly occurred as Ms. Locklear was returning a volleyball net stand to a storage area by tilting the poles so that the base rested on its wheels. Ms. Locklear alleges that a screw was missing which secured the pole to the base. This caused the base to be separated from the pole, and the base fell against Ms. Locklear's leg causing injury.

Mr. Pometto asserts sovereign immunity arising from his employment as teacher and administrator. In order for Mr. Pometto to be

entitled to sovereign immunity, he must be an employee of a governmental entity that enjoys sovereign immunity. *See, Kellam v. School Board*, 202 Va. 252, 117 S.E.2d 96 (1960). Moreover, it must be shown that such an employee was acting within the scope of his or her employment at the time that the wrongful act occurred. *Messina v. Burden*, 228 Va. 301, 310, 321 S.E.2d 657 (1984). In *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980), the Supreme Court of Virginia developed a four-part test to determine entitlement to immunity. These factors include: (1) the nature of the function the employee performs; (2) the extent of the government entity's interest and involvement in the function; (3) the degree of control and direction exercised by the governmental entity over the employee; (4) whether the alleged wrongful act involved the exercise of judgment and discretion.

In *Lentz v. Morris*, 236 Va. 78 (1988), the Supreme Court applied the four-part test in a case very similar to the facts of this case. In *Lentz*, a child sustained personal injuries during activities at school while under the supervision of the defendant. The defendant was a teacher of physical education. The plaintiff child was assigned to a physical education class conducted under the supervision, and in the presence of, the defendant. During class activities, the plaintiff child engaged in a game of football without wearing protective equipment, an activity which the defendant allegedly knew or should have known posed a danger to the participants. The plaintiff also alleged that as a result of the defendant's negligence supervision and control of the physical activity, he sustained injuries. *Lentz, supra*, at 80. The Court applied the four part test set out in *James v. Jane, supra*, and held that the teacher was entitled to immunity.

*Lentz* appears to be controlling here. Applying the four-part test, it is clear that Mr. Pometto was performing a vitally important public function as department chairman. As department chairman, he reports directly to the principal of the Longfellow Intermediate School. He has administrative management responsibilities for the health and physical education department at Longfellow. Among other responsibilities, he determines which physical education equipment to order, makes recommendations to the principal for discretionary expenditures, and coordinates the schedules for physical education and health instructional units for the school classes. Additionally, he meets periodically with health and physical education

instructional staff to communicate information. The School Board, which is a governmental entity, has official interest and direct involvement in the function of student instruction and supervision, and exercises significant control and direction over Mr. Pometto through the school principal. As department chairman, Mr. Pometto's responsibilities as set forth in the affidavit involve the exercise of judgment and discretion.

For the reasons stated here, in counsel's briefs, and at oral argument, the Court sustained Mr. Pometto's Plea of Sovereign Immunity.

Additionally, the Court sustains Mr. Pometto's Demurrer. In paragraph six of the Motion for Judgment, Ms. Locklear alleges that the defendant owed her certain duties. However, there is no special duty or contractual duty alleged. The only contractual relationship that existed in this case was between Mr. Pometto and the Fairfax County School Board. There was no contractual relationship between Mr. Pometto and Ms. Locklear. The defendant's employment relationship to the School Board does not create a duty to third parties. No other basis for a duty owed to Ms. Locklear has been demonstrated.

In a similar case, this Court found that a building and grounds employee of the Fairfax County Schools owed no duty to an injured third-party plaintiff. *See, Pusey v. Riner, et al.*, 26 Va. Cir. 321 (1992). In that case, plaintiff suffered injuries when she slipped and fell while walking across a parking lot. Plaintiff alleged that certain defendants breached a duty when they knew or should have known of a dangerous condition and failed to remedy those conditions. The Court concluded in *Pusey, supra*, that the defendants' duties were towards the Fairfax County School Board under their employment contracts and that no duty was owed to the plaintiff.

For the reasons stated here, in counsels' briefs and at oral argument, the Court sustains defendant's Demurrer.