

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00369-CV

Lavelle **BROWN**,
Appellant/Cross-Appellee

v.

Krista **GILMORE**,
Appellee/Cross-Appellant

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2021CV00936A
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 16, 2023

AFFIRMED

Appellant Lavelle Brown, as Seller, and appellee Krista Gilmore, as Buyer, entered a contract for the sale of a residential home. Prior to closing, Gilmore sought termination of the contract and a refund of her earnest money deposit. Asserting Gilmore failed to properly invoke her termination option, Brown refused to authorize release of the earnest money. The trial court granted summary judgment in favor of Gilmore. In five issues, that we consolidate and address as three, Brown asserts on appeal the trial court erred in (1) admitting certain summary judgment

evidence; (2) granting summary judgment in favor of Gilmore and denying summary judgment in favor of Brown; and (3) failing to award Brown attorney's fees. We affirm.

## BACKGROUND

On January 16, 2016, Brown and Gilmore executed a Texas Real Estate Commission One to Four Family Residential Contract (Resale) (the "Contract") for the sale of residential property located in San Antonio, Texas. Both parties were represented by realtors: Kathia Viquez acted as Brown's agent, and Laura Yznaga acted as Gilmore's agent.

The Contract required Gilmore to deliver $2,400 in earnest money to the title company, First American Title, within three days after January 16, 2016. The Contract also contained a termination option, which provides in relevant part:

> **TERMINATION OPTION**: For nominal consideration, the receipt of which is hereby acknowledged by Seller, and Buyer's agreement to pay Seller $70.00 (Option Fee) within 3 days after the Effective Date of this contract [January 16, 2016], Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within 7 days after the Effective Date of this contract (Option Period). . . . [I]f Buyer fails to pay the Option Fee to Seller within the time prescribed, this paragraph will not be part of this contract and Buyer shall not have the unrestricted right to terminate this contract. If Buyer gives notice of termination within the time prescribed, the Option Fee will not be refunded; however, any earnest money will be refunded to Buyer.

On the day that Gilmore executed the Contract, she mailed a check for $2,470 to the title company. It is undisputed this amount reflects the total sum of the earnest money deposit ($2,400) and the termination option fee ($70). The root of the parties' dispute is whether Gilmore effectively invoked the termination option by paying the termination option fee to the *title company* rather than to Brown.

On January 21, 2021, Gilmore executed a Notice of Buyer's Termination of Contract. The following day, Gilmore executed a Release of Earnest Money from Escrow. Asserting Gilmore

failed to pay the option fee in accordance with the terms of the Contract, Brown refused to agree to release the escrow money to Gilmore.

***Procedural History***

On March 12, 2021, Gilmore filed suit seeking a return of the earnest money. Brown answered and later counterclaimed. The parties subsequently filed cross-motions for summary judgment as well as several related motions. Relevant to this appeal, Brown filed a motion to strike certain evidence as untimely and as inadmissible parol evidence.

Arguing that she paid the option fee pursuant to the terms of the Contract, Gilmore asserts the Contract is silent on how the payment is to be paid to Brown. Gilmore correctly points out the Contract does not identify a physical address for Brown; instead, it contains only a phone number and e-mail address for Brown. Nevertheless, Brown asserts the Contract specifically required payment of the option fee to *her*—"to seller"—not to the title company.

In response, Gilmore argues she paid the option fee to the title company at the direction of Brown's realtor, Viquez. As summary judgment evidence, Gilmore introduced a declaration in which she attested, "On January 16, 2021, I asked my realtor where to send the check for the earnest money and the termination option fee as dictated in the Contract. My agent received instructions from Viquez, which she shared directly with me, that I should submit the termination option fee payment to the escrow agent at First American Title along with the earnest money." The declaration authenticated text messages sent by Viquez to Yznaga (and later forwarded to Gilmore) regarding payment of the option fee to the title company.

After Brown filed a cross-motion for summary judgment, Gilmore filed a response attaching Exhibit M—Yznaga's affidavit stating, "We were instructed, via call and text, by the listing agent Kathia Viquez to send or wire the option money to the Title Co. with the earnest money for the transaction. For reference, the texts from the listing agent are attached. They are

true and accurate copies of the texts." The text messages between Viquez and Yznaga were attached as Exhibit M-1. Brown moved to strike these exhibits as untimely filed, which the trial court denied.[1] The trial court rendered judgment in favor of Gilmore. This appeal follows.

### TIMELINESS OF SUMMARY JUDGMENT EVIDENCE

In her first issue, Brown asserts the trial court erred in denying her motion to strike evidence on the basis that the evidence was untimely filed. The complained-over exhibits were filed on November 18, 2021 as part of Gilmore's response to Brown's cross-motion for summary judgment and reply in support of Gilmore's summary judgment—one day before the original hearing setting but sixteen days before the summary judgment hearing resetting.

Although the evidence was filed more than seven days before the hearing, Brown asserts the evidence supports Gilmore's motion (and was untimely as filed less than twenty-one days before the hearing) and not her response (which would only need to be filed seven days before the hearing). *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). But we need not decide whether the evidence was timely filed because, assuming without deciding it was not, the trial court granted Gilmore's requested leave.

### *Standard of Review*

Trial courts may grant parties leave to file late summary judgment evidence. *See id*. We review a trial court's ruling on a motion for leave to file late summary judgment evidence for an abuse of discretion. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex.

---

[1] Brown also sought to strike as untimely Exhibits L and L-1—an affidavit by Gilmore's attorney and attorney's fees invoices evidencing Gilmore's attorney's fees.

2002). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* at 687. In the context of late-filed summary judgment evidence, a motion for leave "should be granted when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment." *Id.* at 688.

*Application*

Gilmore's motion for leave explains her response was filed one day before the original hearing setting "[d]ue to an inadvertent calendaring error." Thus, her failure to file the response was not intentional or the result of conscious indifference, but the result of accident or mistake. Moreover, to the extent Brown believed Gilmore's late response unduly prejudiced her, she could have taken up the trial court's invitation for a continuance:

> THE COURT: The motion for leave is granted. The Court will give additional time in a continuance to Mr. Froman [Brown's attorney] if necessary if it's – if it's requested by him. Are you seeking additional time, Mr. Froman?
>
> MR. FROMAN: No, sir.

Under these facts and assuming without deciding that the evidence was untimely filed, we hold the trial court did not abuse its discretion in granting leave. We therefore overrule Brown's first issue.

### CROSS-MOTIONS FOR SUMMARY JUDGMENT

In her second issue, Brown asserts the trial court erroneously granted Gilmore's traditional motion for summary judgment instead of Brown's traditional motion for summary judgment.

*Standard of Review*

Under the traditional standard for summary judgment, the movant has the burden to show that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When, as in this case, both sides move for summary judgment, and the trial court grants one motion and denies the other, we review *de novo* all questions presented and all summary-judgment evidence presented by both sides. *Aery v. Hoskins, Inc.*, 493 S.W.3d 684, 690–91 (Tex. App.—San Antonio 2016, pet. denied).

*Application*

The essence of the dispute between the parties is whether Gilmore satisfied the requirements to invoke the termination option when she paid the option fee to the title company. According to Brown, Gilmore's payment of the option fee to the title company did not satisfy the requirements of the termination option provision because the provision required Gilmore to pay the fee to "Seller," and "Seller" is defined in the Contract as Brown—not the title company.

In response, Gilmore asserts the Contract is silent as to how Brown is to be paid and that she paid Brown the only way she could have: by requesting payment instructions from Brown's agent. Reviewing the Contract de novo, we agree with Gilmore. The Contract nowhere states *how* Brown is to be paid and contains no address or account by which Brown could be paid the option fee. Because the Contract is silent on how to pay Brown, Gilmore, through her agent, requested instructions from Brown's agent, Viquez, on how to pay the option fee. *See* TEX. OCC. CODE § 1101.557(a) ("A broker who represents a party in a real estate transaction or who lists real estate for sale under an exclusive agreement for a party is that party's agent."); *Nahm v. J. R. Fleming & Co.*, 116 S.W.2d 1174, 1176 (Tex. App.—Eastland 1938, no writ) ("What a principal does through an agent he does himself."). The summary judgment evidence—in the form of Gilmore's

declaration, Yznaga's affidavit, text messages, and Brown's admissions[2]—conclusively demonstrates that Viquez instructed Gilmore to pay the option fee to the title company and that Brown in fact received the option fee. Under these facts, we hold Gilmore timely paid Brown the option fee, invoking a right to terminate the Contract as provided by the termination option provision. Moreover, the summary judgment evidence conclusively demonstrates Gilmore timely exercised her termination option. Therefore, Gilmore was entitled to a return of her escrow money.

We accordingly overrule Brown's second issue. Because Brown's third issue—entitlement to attorney's fees—is contingent upon her prevailing on her second issue, we likewise overrule her third issue.

## CONCLUSION

Having overruled each of Brown's issues on appeal, we affirm the judgment of the trial court.

Lori I. Valenzuela, Justice

---

[2] In written discovery, Brown admitted the following requests for admission: (1) Kathia Viquez instructed Krista Gilmore to send the earnest money check and termination option period fee directly to First American Title; (2) First American Title Company received $2,470 from Krista Gilmore on January 19, 2021; and (3) [Brown] received the $70.00 termination option period fee.